Complainant seeks to foreclose under a certificate of tax sale, of which it is admittedly the owner, and defendant seeks to strike the bill of complaint on the sole ground that the foreclosure proceedings were not commenced "before the expiration of twenty years from the date of said tax sale."
The bill of complaint does not allege that the purchaser at the tax sale, or its assigns, ever entered into possession of the lands purchased, and that such possession was not taken is admitted, and it is also admitted that the complainant *Page 571 
never sought to "foreclose the right of redemption * * * by notice."
The bill alleges that the tax collector of Sea Isle City sold to that taxing district the locus in quo for unpaid taxes and that he executed and delivered to the city a tax sale certificate which bears date the day of the tax sale, December 17th, 1907; that thereafter, on March 1st, 1926, the city assigned the tax sale certificate to two named assignees and that they, in turn, on the 2d day of March, 1926, assigned said certificate to complainant; that the consideration for each assignment was $528.98 which, of course, as to the assignment from the city, included all unpaid municipal liens and taxes then due the city.
The bill to foreclose was filed July 13th, 1935, so that it is evident that the complainant has not complied with section 59, chapter 208 (P.L. 1903), the pertinent part of which reads as follows:
"The purchaser or his assigns may in addition to the foregoing remedy at any time after the expiration of the term of two years, whether notice to redeem has been given or not, file a bill in equity to foreclose the right of redemption but on filing such a bill the right to redeem shall exist and continue until barred by the decree of sale of the court of chancery; the title of a purchaser at a tax sale shall cease and determine and the certificate of sale shall be void at the expiration of twenty years from the date of the tax sale unless the purchaser shall before the expiration of that term enter into actual possession of the land purchased or foreclose the right to redeem the same by notice or by proceedings in equity and record the evidence thereof as above prescribed."
The contention of complainant is that "the word `purchaser' in section 59 in the act of 1903 does not include instances where the lien is purchased by a municipality or taxing district."
As heretofore pointed out, Sea Isle City was the purchaser at the tax sale in March of 1907 and did not assign the tax sale certificate until March of 1926, and it is the contention of complainant that in the interval between March of 1907 and March of 1926 the limitation of twenty years did not commence to run, so that complainant had twenty years from March of 1926 within which to foreclose the equity of redemption *Page 572 
and that, therefore, the tax certificate is not void under section 59.
Does the act of 1903 contemplate "two distinctive types of purchasers," as complainant insists?
It is admitted that if an individual had purchased at the tax sale in 1907, instead of the taxing district, and such individual purchaser or his assigns had filed the present bill of complaint, the twenty-year period would be a complete bar.
Webster defines the word "purchaser" as follows: "1. One who purchases. A. (law). One who acquires an estate in lands by his own act or agreement, or who takes or obtains an estate by any means other than by descent or inheritance. B. One who acquires property for a consideration, generally of money; a buyer; a vendee."
It is to be assumed that the legislature used the word in its common acceptance and, giving to it its ordinarily accepted definition, it seems impossible to come to any other conclusion than that Sea Isle City was the purchaser spoken of by the legislature and that as such purchaser it was as much bound by the twenty-year limitation as an individual would have been.
The tax sale was by virtue of section 62 (P.L. 1903 (at p.428), and it was therein provided that the sale should be made under certain circumstances to other than the taxing district and that the tax collector "shall deliver to the purchaser a certificate of sale" but in the event of there being nopurchaser other than the taxing district, "the collector shall strike off and sell to the taxing district any property for which there shall be no other purchasers, and the taxing district shall have the same rights and remedies as otherpurchasers and may sell the land purchased," c.
Clearly, the legislature speaks of the taxing district as the purchaser, nor do I find any indication of any attempt on the part of the legislature to differentiate between the taxing district purchaser and the individual or corporate purchaser, in so far as the time within which the equity of redemption must be barred is concerned.
The statute gives to the taxing district the "same rights and remedies as other purchasers" and, surely, unless it *Page 573 
specifically exempts the taxing district from burdens which it imposes on other purchasers, the taxing district is saddled with these burdens.
A taxing district purchaser is required to record its tax certificate under the provisions of section 56 of the act and there is no exception made in its favor, and so also when, in section 59, the act provides that the "purchaser" loses his lien after a lapse of twenty years without pursuing the statutory methods of barring equity of redemption, a taxing district purchaser is spoken of, as well as any other purchaser.
But it is said that section 53 provides an indication of an intention on the part of the legislature to differentiate between an individual purchaser and a taxing district purchaser. Section 53 merely provides that if a taxing district becomes the purchaser, subsequent taxes shall be assessed in the name of the owner, as if no sale had been made, and these taxes "shall be and remain a paramount lien and shall be paid before the lien can be redeemed from the sale," without the necessity of future tax sales, unless ordered by the taxing district. The mere fact that a different rule and practice with reference to future taxes and tax sales is laid down in the event of a taxing district being the purchaser at the tax sale does not support complainant's argument but, on the other hand, indicates that had the legislature intended to except a taxing district purchaser from the twenty-year limitation of section 59 it would have done so by appropriate language.
In In re Commissioners, c., of Elizabeth, 49 N.J. Law 488
(at p. 506), the court, in dealing with the question as to whether the city was classified as a purchaser for the purpose of redemption upon payment of the purchase price, under section 87 of the act therein discussed, said, "where property is struck off to the city at a sale for taxes, the city is the purchaser" within the meaning of that act and I am unable to see a distinction between the use of the word "purchaser" of that act and the one now being considered.
But complainant points out that the court, in the above decided case (at p. 507), said:
"When sales are made to an individual purchaser, the designation of the term for which the premises were sold is *Page 574 
a material part of the transaction, for such a purchaser buys for the term which he mentions in his bid. When struck off to the city, the designation of the term in the certificate of sale is a pure formality."
I fail to see how this has any bearing upon the question raised under the present bill. It merely points out that which is evident under the statute, to wit, that in a certificate of tax sale under one class of purchaser a recital of the term for which the purchase was made is essential and as to the other class of purchaser (taxing district), not so.
Complainant also points out that the court, in the above case (at p. 502), said:
"A certificate of sale made to the city in effect maintains its lien for taxes and assessments in statu quo. Everything is infieri until a declaration of sale, duly executed and recorded, divests the title of the owner."
The requirement as to the record of a declaration of sale under the statute considered by the court was the same for an individual purchaser as for a taxing district purchaser, i.e., to bar the equity of redemption. Both purchasers were required to obtain from the city a declaration of sale and properly record it.
Complainant cites Maginnis v. Borough of Rutherford,73 N.J. Law 287, but in that case the court does not sustain complainant's contention but merely points out, as does the statute itself therein considered, the effect of a certificate of tax sale to a taxing district.
Complainant purchased the tax certificate in March of 1926 and knew the sale had occurred nineteen years before that time and that the statute, section 59, said, "the purchaser or his assigns" might foreclose by notice or proceedings in equity, but that either action must be taken within twenty years or "the title of a purchaser at a tax sale shall cease and determine, and the certificate of tax sale shall be void." Complainant, as assignee of the taxing district, succeeded to its rights and privileges and was subject to the same penalties as its assignor.
The motion to strike will be granted, with costs. *Page 575