This is a foreclosure of a tax lien. Defendant Building and Loan Association owns a lot of land adjoining the rear of the lot described in complainant's tax sale certificate. The association's parcel does not touch any highway, but appurtenant to it is an easement of way across complainant's lot, the only access to the property in the rear. Complainant joins the association as a defendant in order to cut off its right of way. The association contends that the servient tenement was assessed and sold at the tax sale subject to the right of way — although the easement was not expressly excepted — and that the easement is not subject to the lien of the tax title and cannot be cut off in this proceeding.
The General Tax act (P.L. 1918 p. 847 § 401 (1), as amendedP.L. 1927 p. 576), requires the assessor to "determine the full and fair value of each parcel of real property situated in the taxing district at such price as, in his judgment, such parcel would sell for at a fair and bona fide sale by private contract." The parcel of the association situate in the middle of the block is without any substantial value unless included with it is the right of way. While this situation is somewhat unusual in a city, it is common in the rural counties where the only access to many farms and woodlots are private rights of way across other properties. It cannot have been the intention of the legislature that the assessor should fix the value of such lands independent of the means of reaching them, for the assessed value would be trifling, and much income thereby lost to the taxing district. In Mayor, c., of Jersey City v. State Board ofAssessors, c., 73 N.J. Law 164; affirmed, 75 N.J. Law 571, it was *Page 138 
held that where a taxpayer had a right in land under water appurtenant to his land back of the line for solid filling, the value of the right was properly included in the assessment upon the land back of the line. The assessor should, and I assume did, include the easement when assessing the dominant tenement, the land of the association. Conversely, in the assessment of the lot on the street, its value must have been fixed subject to the easement. The easement would have been taken into consideration in a bona fide sale by private contract. "When an easement is carved out of one property for the benefit of another, the market value of the servient estate is lessened, and that of the dominant increased, practically by just the value of the easement; the respective tenements should therefore be assessed accordingly." Tax Lien Co. v. Schultze, 213 N.Y. 9;106 N.E. Rep. 751.
The tax sale is based upon the assessment. Nothing passes thereby except what has been assessed. The sale was subject to the easement and so the right of way cannot be extinguished by foreclosure of the lien. The answer will not be stricken.