METROPOLITAN LIFE INSURANCE COMPANY, A CORPO-
RATION, PLAINTIFF-APPELLEE, v. VIOLA M. McGURK,
DEFENDANT-APPELLANT.

Submitted October 29, 1937—Decided January 26, 1938.

For the opinion of that court see 15 *N. J. Mis. R.* 572.

For the defendant-appellant, *Bolte & Miller.*

For the plaintiff-appellee, *Cassman & Gottlieb* (*Ellis L. Gottlieb*).

The opinion of the court was delivered by

BODINE, J. The appeal is from a judgment in favor of the plaintiff entered pursuant to the order of the Circuit Court striking the answer of the defendant now appellant. The action was brought as in case for the disturbance of an easement. 1 *Chit. Pl.* 162, 163; *Osborne* v. *Butcher, 26 N. J. L.* 308, 310; *Melaxas* v. *Easton Publishing Co.* (*Md.*), 140 *Atl. Rep.* 603, 605. The plaintiff is the owner of a tract of land in Atlantic City acquired by foreclosure of its mortgage. The lands were described in that instrument and in a long line of prior conveyances by metes and bounds, together with all the right of way in and out of a certain ten-foot-wide alley

which the defendant claims to have acquired by virtue of a tax sale title perfected pursuant to the Tax act of 1903. 4 *Comp. Stat., p.* 5075. Section 6 of that act (4 *Comp. Stat., p.* 5085) directs that "all real property shall be valued * * * and the assessor shall * * * determine the full and fair value of each parcel of real property situate in his taxing district at such price which in his judgment such parcel would sell for *at a fair and bona fide sale by private contract.*"

The court below, in reliance upon the case of *Ehren Realty Co.* v. *Magna Charta Building and Loan Association,* 120 *N. J. Eq.* 136, found that: "When an easement is carved ·out of one property for the benefit of another, the market value of the servient estate is lessened, and that of the dominant increased, practically by just the value of the easement; the respective tenements should therefore be assessed accordingly." And that a tax sale of the servient tenement pursuant to the General Tax act (*Pamph. L.* 1918, *p.* 847, as amended, *Pamph. L.* 1921, *p.* 336), did not extinguish the right of way appurtenant to the adjoining property. This was the rule adopted in *Tax Lien Co.* v. *Schultze,* 213 *N. Y.* 9; 106 *N. E. Rep.* 751, and in *Tide-Water Co.* v. *Bell,* (*Pa.*), 124 *Atl. Rep.* 351.

Appellant points to section 49 of the Tax act in question (4 *Comp. Stat., p.* 5129), to the effect that the lien for unpaid taxes is paramount to all prior or subsequent alienations and descents of the land or encumbrances thereon, except subsequent taxes. But as was pointed out in *Ehren Realty Co.* v. *Magna Charta Building and Loan Association, supra,* the assessor no doubt included the value of the easement when assessing the dominant tenement, and conversely in assessing the servient tenement omitted the value, and hence the value of the servient tenement was valued subject to the easement. In no other way could true value be determined, and in the absence of more explicit language in the act it is not to be assumed that the legislature intended that by a sale of the servient tenement an easement of record attached to the dominant tenement should be wiped off by a sale of the servient tenement.

The judgment under review will, therefore, be affirmed, with costs.

*For affirmance*—THE CHANCELLOR, CHIEF JUSTICE, PARKER, LLOYD, CASE, BODINE, DONGES, HEHER, PERSKIE, HETFIELD, DEAR, WELLS, WOLFSKEIL, RAFFERTY, WALKER, JJ. 15.

*For reversal*—None.