This matter is before the court on an application to continue an interim restraint and on a motion to dismiss the bill. Complainant is the owner of a parcel of real estate on the southerly side of Jefferson Street in Passaic. He claims an easement of a right of way eight feet wide over the strip of land adjoining his on the westerly side. Defendants Lobsenz, who own or are interested in the property on the further side of the strip, and who acquired title to the strip through the tax sale hereinafter referred to, started to excavate the strip for the purpose of erecting a building thereon, which would block the right of way. It is to prevent this interference that this suit is brought. There is little or no dispute as to the facts, all being matters of record. The sole question before this court is as to the effect the proceedings in the tax foreclosure had upon the easement. Complainant contends that it had no effect while defendants contend it extinguished it, while conceding that save for the tax proceedings the easement would be valid.
The right of way was expressly given by one Edo Kip to complainant's predecessor in title as far back as 1869, and *Page 481 
by duly recorded deed has continued to pass along with the premises by successive deeds as an easement appurtenant.
The City of Passaic sold the strip involved here at a public tax sale, and took the tax sale certificate in its own name. It then proceeded to foreclose the tax sale certificate. In this foreclosure the city set up the description of the strip, and in addition set up the existence of the particular easement now claimed by complainant herein. This easement was then in possession of complainant's predecessor in title of the dominant tenement. This predecessor was named as a party defendant in the foreclosure suit, in which it was alleged that the lien of the tax lien certificate took precedence over any interest of the owner of the dominant tenement. The bill and the subpoena ticket served upon complainant's predecessor show that notice was given of an intent to foreclose the easement as well as the servient tenement. The prayer of the bill was that the defendants may be decreed to pay the tax "and in default thereof to stand debarred and foreclosed." A decree pro confesso was taken, and on failure of defendants to redeem, a final decree was entered, providing that defendants and each of them "stand absolutely debarred and foreclosed from all right and equity of redemption in and to the said lands and premises and every part thereof."
It is contended on behalf of defendants here that the foregoing proceedings extinguished the easement previously existing in favor of the dominant tenement. Complainant on the other hand contends that they had no effect whatever on the easement, which he claims still subsists in his favor. It is of course clear that he can have no greater rights than his predecessor had at the conclusion of the tax sale foreclosure. So the crux of this case is the effect of the foreclosure on the easement.
Defendants contend that the tax lien was paramount to everything, including the easement enjoyed by the adjoining dominant tenement, and the foreclosure accordingly and of right extinguished the easement as a part of the servient tenement, the easement being subject to the tax lien along with it. They also contend that in any event since complainant's predecessor in title was made a party to the foreclosure and *Page 482 
was notified, but did not defend, the final decree is resjudicata that the easement was extinguished.
I cannot agree with either of these contentions. This is because of the nature of the easement, the incidence of the tax lien, and nature of the rights affected by the foreclosure. This requires an examination into the characteristics of the easement, and what the foreclosure decided.
It is elementary that a tax lien is paramount over all other rights in the property subject to the lien. So if the easement here was subject to the tax lien, it would follow that it would be destroyed by the foreclosure. But here the assessment and the lien did not attach to the easement. The easement was appurtenant to the dominant tenement, and a part of it, and therefore to a like extent separate and apart from the servient tenement. In other words all that could be assessed against the servient tenement was the fee minus the easement, which had ceased to be a part of the servient tenement.
In Ehren Realty Co. v. Magna Charta Building and LoanAssociation, 120 N.J. Eq. 136, the court, after citing the provision of the Tax Act that the assessor shall determine the full and fair value of each parcel at such price as, in his judgment it would sell for at a fair and bona fide sale by private contract, proceeds, "The assessor should, and I assume did, include the easement when assessing the dominant tenement, the land of the association. Conversely, in the assessment of the lot on the street, its value would have been fixed subject to the easement. The easement would have been taken into consideration in a bona fide sale by private contract. When an easement is carved out of one property for the benefit of another, the market value of the servient estate is lessened, and that of the dominant increased, practically by just the value of the easement; the respective tenements should therefore be assessed accordingly."
In Metropolitan Life Insurance Co. v. McGurk,119 N.J. Law 517, the court quotes with approval the foregoing extract from the Ehren Case, and says, "a tax sale of the servient tenement pursuant to the General Tax Act (Pamph. L. 1918, p. 947, as amended Pamph. L. 1921, p. 336) did not extinguish the right of way appurtenant to the adjoining property. *Page 483 
This was the rule adopted in Tax Lien Co. v. Schultze,213 N.Y. 9; 106 N.E. Rep. 751, and in Tidewater Co. v. Bell
(Pa.), 124 Atl. Rep. 351."
In Long Branch v. Highlands, c., Steamboat Co., 134 N.J. Eq. 266,
the court cites the Ehren Case, supra, as holding "the tax sale of the servient tenement and the foreclosure of the certificate of tax sale did not extinguish the right of way appurtenant to the adjoining property," and quotes from that case as follows: "The tax sale is based upon the assessment. Nothing passes thereby except what has been assessed."
I accordingly find that the easement was not extinguished by the tax sale, since it was not a part of the servient tenement, whose value alone could be assessed against the dominant tenement.
There remains the question as to whether under the doctrine ofres judicata, the right to claim the easement has been lost by reason of failure of the then owner to make the claim in the tax foreclosure. This is to be determined by deciding whether complainant's predecessor in title, who was a party in the foreclosure suit, was under any duty to assert her claim. I cannot find any such duty. The existence and validity of the easement are in nowise denied in the complaint in the foreclosure suit. In fact they are alleged. Complainant's predecessor in title was served with a subpoena ticket which stated she was the owner of land adjoining the strip and by virtue thereof claimed to have some lien upon the strip. The suit was brought to foreclose all equity of redemption in the premises, and upon her default along with the numerous other defendants, a final decree was entered which foreclosed the equity.
But since the easement was not a part of the tract subject to assessment, as has been shown, and since the existence of the easement was not put in issue by the foreclosure there was nothing for her to redeem. She had no right to redeem, for she had no interest in the property assessed. Bloomfield Heights v.Holland Association, 22 N.J. Mis. R. 61. In Kurzius v.Hillside Land Co., 112 N.J. Eq. 466, it was held that the final decree bars rights of redemption but does not enlarge the rights of the certificate holder. In Morrow v. *Page 484 Dows, 28 N.J. Eq. 459, it was held that in a sale of land for taxes, the estate only which the owner had at the time of assessment passes. To the same effect, Milmoe v. Zimmerman,95 N.J. Eq. 85; affirmed, 97 N.J. Eq. 326.
It would appear therefore that the right of way of the complainant has not been extinguished by the tax foreclosure proceedings. All that complainant's predecessor in title lost by the foreclosure was the right to redeem the servient tenement, in which she had no interest. The motion to strike the bill will be denied, and the interim restraint against interference with the easement continued. *Page 485