DISTRICT OF COLUMBIA v. CAPITAL
MORTGAGE & TITLE CO., Inc., et al.

Civ. A. No. 3084–48.

United States District Court
District of Columbia.

June 20, 1949.

Louis H. Mann, of Washington, D. C.,
for defendant John H. Wilkins Company,
for the motion.

Francis W. Hill, Jr., of Washington, D.
C., for defendant Railway Terminal Warehouse Company of Delaware, for the motion.

Vernon E. West, Corporation Counsel,
and Milton D. Korman, Assistant Corporation Counsel, both of Washington, D. C.,
opposed.

HOLTZOFF, District Judge.

The question presented in this case is whether a sale of real property for nonpayment of taxes extinguishes an easement with which the property is burdened.

This action is brought by the District of Columbia to enforce a lien for taxes on real property. The statute under which this suit has been instituted, D.C.Code 1940, §§ 47—1001 to 47—1015, provides that property on which real estate taxes are delinquent shall be sold; that in case no other person bids the amount due, the Collector of Taxes shall purchase the property for the District of Columbia; that if the property is not redeemed within two years thereafter, the Commissioners of the District of Columbia may bring suit to enforce the lien for taxes by a decree directing a sale of the property. Id. Sec. 47—1011. The present action has been instituted pursuant to the last mentioned provision.

The property in question is a strip of land approximately 44 feet wide and 660 feet long. The defendants, John H. Wilkins Company and Railway Terminal Warehouse Company, own parcels of land immediately adjoining this strip, and each has a right of way over it. Each of these two defendants has interposed a counterclaim alleging that it owns an easement over the property in question; contending that the right-of-way cannot be affected by the tax assessment or tax sale; and seeking a declaratory judgment to establish that the tax assessment and tax sale do not take priority over the right of way and that the sale for nonpayment of taxes should be made subject to the right-of-way. The obvious purpose of attempting to secure a declaratory judgment is to prevent the formation of a cloud on the defendants' title to the easement as a result of the proposed tax sale.

The question whether an easement to which real property may be subject is extinguished by the foreclosure of a tax lien, is one of novel impression in the District of Columbia. It has, however, been the subject of considerable discussion in other jurisdictions. The authorities on this point are divided.

The majority view is to the effect that an easement is not destroyed by a sale of the servient estate for nonpayment of taxes. The leading case upholding this doctrine is a decision of the New York Courts, Jackson v. Smith, 153 App.Div. 724, 726, 138 N.Y.S. 654, 656; affirmed, 213 N.Y. 630, 107 N.E. 1079, in which the following statement was made (153 App.Div. pp. 726, 727, 138 N.Y.S. p. 656):

"An easement is a servitude upon, and differs from an interest in, or lien upon, the land. It is not a part of, but is so much

carved out of the estate in, the land, and is as much a thing apart from that estate as a parcel of the land itself conveyed from it.

"If the principle contended for by the respondents is sound, the owner of the dominant estate, who pays taxes upon a valuation which includes the value of his easements, must also, to protect his easements, pay taxes assessed on another's property, although the value of the easements is necessarily excluded from the assessed valuation thereof."

The same conclusion was reached in Tax Lien Co. v. Schultze, 213 N.Y. 9, 106 N.E. 751, L.R.A.1915D, 1115, Ann.Cas.1916C, 636; and Blenis v. Utica Knitting Co., 73 Misc. 61, 130 N.Y.S. 740; affirmed, 149 App.Div. 936, 134 N.Y.S. 1126; affirmed, 210 N.Y. 561, 104 N.E. 1127. The New York cases have been frequently cited in other jurisdictions and these principles approved and applied.

Thus, in Crawford v. Senosky, 128 Or. 229, 274 P. 306, 307, the Court said:

"But the foreclosure of a tax lien does not cut off easements that have been carved out of one property for the benefit of another."

In Ross v. Franko, 139 Ohio St. 395, 397, 40 N.E.2d 664, 665, the Court enunciated this doctrine in the following manner:

"It is undisputed that an easement constitutes a right and privilege belonging or appertaining to the dominant estate. The value of such estate is accordingly increased and that of the servient estate diminished; and both are taxable upon that basis. Consequently the basis of the forfeiture and sale for non-payment of taxes would necessarily be the same. In the instant case it was the diminished servient estate that was forfeited and sold. The dominant estate was left undisturbed."

Montana, New Hampshire, New Jersey, New Mexico, Pennsylvania, and Utah, have also adopted the majority rule, Northwestern Improvement Co. v. Lowry, 104 Mont. 289, 66 P.2d 792, 110 A.L.R. 605; Gowen v. Swain, 90 N.H. 383, 10 A.2d 249; Ehren Realty Co. v. Magna Charta Building & Loan Ass'n of Newark, Co., 120 N.J.Eq. 136, 184 A. 203; Alamogordo Improvement Co. v. Prendergast, 43 N.M. 245, 91 P.2d 428, 122 A.L.R. 1277; Tide Water Pipe Co. v. Bell, 280 Pa. 104, 124 A. 351, 40 A. L.R. 1516; Hayes v. Gibbs, 110 Utah 54, 169 P.2d 781, 168 A.L.R. 513.

The opposite view, to which a minority of the States adhere, is well expressed in Hunt v. City of Boston, 183 Mass. 303, 306, 67 N.E. 244, 246:

"The rule generally stated is that a sale of land for a valid tax gives a paramount title, free from the ownership or incumbrance of rights previously existing which had been carved out of the property by an owner, or which had been acquired in it by prescription or otherwise."

Florida, Iowa, Maryland, and Washington also hold that an easement is extinguished by the sale of the servient tenement for nonpayment of taxes, Wolfson v. Heins, 149 Fla. 499, 6 So.2d 858; Nedderman v. City of Des Moines, 221 Iowa 1352, 268 N.W. 36; Hill v. Williams, 104 Md. 595, 604, 65 A. 413; Harmon v. Gould, 1 Wash. 2d 1, 94 P.2d 749.

The American Law Institute in its Restatement of the Law of Property, Vol. V, Sec. 509, prefers the majority view. Some of the comments made in the Restatement on this point are significant:

"An easement appurtenant is not extinguished by a sale and conveyance of the land subject to it for nonpayment of a tax assessed against such land."

"In the case of such an easement the dominant tenement has its value for sale purposes increased by the existence of the easement. Upon a sale of the land constituting this tenement, whether the sale is for tax purposes or not, the purchaser gets the benefit of the easement. Accordingly the value of the land for sale purposes and hence for tax purposes is increased because of the existence of the easement. If a tax levied on the basis of this increased value is paid, the one paying the tax has, in effect, paid a tax on the interest in the servient tenement created by the easement. If this interest has been taxed against the owner of the dominant tenement the value represented by it ought not to be again taxed against the owner of the servient tenement. Hence a sum representing the decrease in value of

the servient tenement produced by the existence of the easement ought to be subtracted from what would have been the value of that tenement if unincumbered when it is assessed for tax purposes. If it is to be subtracted the title of the purchaser on the tax sale should be subject to the easement."

This Court is impelled to the conclusion that the majority view is preferable, both on principle and authority. Accordingly, this Court holds that an easement is not extinguished by the sale of the servient tenement for nonpayment of taxes. The Court has not overlooked the forceful argument made by able counsel for the District of Columbia to the effect that this result may make it difficult for the District of Columbia to collect taxes on real property out of which easements have been carved, as it may be hard to find willing purchasers of property so encumbered, in case the owner fails to pay the taxes. There is, however, an adequate answer to this contention. The existence of the easement enhances the value of the dominant tenement. This augmented value should be reflected in an increased tax assessment. Consequently, what the District of Columbia loses by way of taxes on the servient tenement, should have been fully recouped by taxes on the dominant estate.

Thus, in this instance, by reason of the fact that attached to the defendants' land is a right-of-way over the adjoining strip, the value of their property must necessarily be greater than it otherwise would have been. It is reasonable to assume that the defendants have been paying larger taxes since the easement was created, than they would have paid had they owned the property without the easement. The District of Columbia, therefore, loses nothing. On the other hand, from the standpoint of the defendants, the opposite rule would be extremely unfair and unjust. It is to be presumed that they have paid for the right-of-way. To hold that the right-of-way is destroyed through no act or neglect of theirs, but merely because the owner of the servient estate has failed to pay his taxes, would be to deprive them of a vested property right because of a circumstance beyond their control. Surely it can hardly be expected that the defendants should come in and pay taxes on the adjoining property merely in order to preserve their rights-of-way over it.

The situation is entirely different from that involved in cases of deeds of trust, mortgages, and other liens. In that event the property is conveyed merely as security for the payment of an obligation and the lienor takes it subject to all of its burdens and incidents. In the case of an easement, however, a property right is carved out of the servient estate and conveyed to the owner of the dominant tenement.

Finally, it should be observed that while a tax sale creates a new paramount title, the proceeding to enforce a tax lien is not an action in rem in the true and pure sense of that term. A libel in admiralty or a proceeding to condemn personal property for violation of the Food, Drug and Cosmetics Act, or the Customs laws, are examples of true proceedings in rem. In such cases the property itself is the respondent and persons claiming interests therein are not named as parties. On the other hand, an action to bring about the sale of real property for taxes under the D.C.Code, § 47—1012, is not in this category. The proceeding is not purely a proceeding against the property, as notice to owners of record is required by the statute. The proceeding is an action quasi in rem.

In the light of the foregoing discussion, the Court concludes that an easement appurtenant is not extinguished by a sale of the servient estate for nonpayment of taxes. Accordingly, the defendants' motions for a summary judgment are granted. Counsel will submit proposed order.