14 N.J. Super. 496 (1951)
82 A.2d 473
CHELSEA LAUNDRY CO., A NEW JERSEY CORPORATION, PLAINTIFF,
v.
ANTONIO TOSCANO AND ROSARIA TOSCANO, DEFENDANTS.
Superior Court of New Jersey, Chancery Division.
Decided July 9, 1951.
*497 Mr. Harry M. Tonkin, attorney for the plaintiff.
Mr. John A. Miller, attorney for the defendants.
*498 HANEMAN, J.S.C.
Plaintiff herein seeks a mandatory injunction to oblige the defendants to remove a fence which prevents ingress to and egress from a certain strip of land located in Atlantic City, New Jersey, of the dimensions of 80 feet by 10 feet, to which plaintiff claims an easement by prescription, and a prohibitory injunction preventing the defendants from further interfering with plaintiff's use thereof.
Defendants, by way of defense, allege (1) a denial of the use of said land by plaintiff or its predecessors in title for the required period; (2) any right plaintiff may have had was barred by a tax sale certificate foreclosure by the City of Atlantic City; (3) plaintiff could not, in any event, obtain a right of way by prescription, since the City of Atlantic City held a tax sale certificate upon the land from August 29, 1919, until the date of the final decree in the foreclosure above referred to. Defendants, by way of affirmative relief, seek to have plaintiff remove all obstructions projecting over said alley.
The facts in connection herewith are as follows:
Plaintiff is the owner of two tracts of land facing Arctic Avenue and Maxwell Avenue, respectively, in the City of Atlantic City. These two tracts are separated by a 10-foot alley extending from Maxwell Avenue to a depth of 80 feet. The parcel fronting on Arctic Avenue had been used by plaintiff or its predecessors in title as a laundry since 1912 or 1913. From that date to the present time a portion of the alleyway had been used by the occupants of this parcel for the delivery of coal, oil and supplies, and for the removal of ashes. In addition, at least since 1927 and probably for some time prior thereof, this alleyway had been used for the delivery of supplies to a store room located in the second parcel. These deliveries were made to a doorway therein some feet back from Maxwell Avenue, but less than 80 feet from said street. In 1920 an overhead bridge was built connecting the two buildings, which was used for passage between them. *499 On August 29, 1919, the City of Atlantic City purchased at a public sale the tax sale certificate on the alleyway here in question for delinquent taxes for the year 1917. On September 13, 1943, the City of Atlantic City, by resolution, resold the alleyway for taxes delinquent from the year 1917 to 1942. The City of Atlantic City thereafter filed a bill to foreclose its tax sale certificate and obtained a final decree on October 1, 1947. In this foreclosure they joined as parties defendant the plaintiff, as holder of the dominant tenement. The defendants thereafter purchased said alley from the City of Atlantic City. In the latter part of 1948 the defendants constructed a fence at the Maxwell Avenue entrance to said alleyway, preventing ingress and egress.
In order to establish an easement by prescription the use must have been open, continued, notorious and adverse for 20 years. Kiernan v. Kara, 7 N.J. Super. 600 (Ch. Div. 1950).
I find as a fact that the use of the alley by plaintiff or its predecessors to the door leading thereto in the property facing Maxwell Avenue and to the bridge connecting the two buildings, was open, continued, notorious and adverse for upwards of 20 years. The tax sale foreclosure by the City of Atlantic City did not serve to extinguish that easement. The easement was appurtenant to the plaintiff's dominant tenement. In a foreclosure of a tax sale certificate against the servient tenant, such an easement cannot be extinguished even though the holder of the dominant tenement is joined as a defendant. Ehren Realty Co. v. Magna Charta B. & L. Ass'n., 120 N.J. Eq. 136 (Ch. 1936); Niestat v. Equitable Security Co., 138 N.J. Eq. 480 (Ch. 1946); Metropolitan Life Ins. Co. v. McGurk, 119 N.J.L. 517 (E. & A. 1937).
It is academic that there can be no adverse possession as to land owned by the State or its subdivisions. Osterweil v. Newark, 116 N.J.L. 227 (E. & A. 1935). The defendants claim, as successors to the City of Atlantic City, that the *500 latter had such title by virtue of the tax sale of 1919 as would stay the period of adverse user.
R.S. 54:5-79 provides as follows:
"The title of a purchaser at a sale shall cease and determine and the certificate of sale shall be void at the expiration of twenty years from the date of the sale, unless the purchaser, his heirs or assigns shall, before the expiration of that term, enter into actual possession of the land purchased, or foreclose the right to redeem it by notice or by proceedings in equity and record the evidence thereof, as provided in this chapter."
This section of the statute is applicable to a municipality. Kimberly Realty Co. v. Douglass, 118 N.J. Eq. 570 (Ch. 1935).
A tax sale certificate is not an outright conveyance. It creates nothing more than a lien on the premises sold. A tax sale does not operate as a final and irrevocable divestiture of the title of the owners of the land. It merely vests the purchaser with an inchoate right or interest, subject to a statutory right of redemption. Only upon a proceeding under the statute or a strict foreclosure in the Superior Court are the original owners of the fee and the holder of a tax sale certificate barred and divested of title. Clark v. Jersey City, 8 N.J. Super. 33 (App. Div. 1950); Barry, Inc., v. BAF, Ltd., 3 N.J. Super. 355 (Ch. Div. 1949); City of Atlantic City v. Gardner, 124 N.J. Eq. 110 (Ch. 1938).
It follows, therefore, that adverse possession and user will run during the period that the City of Atlantic City held the tax sale certificate and prior to its final decree in the foreclosure.
It is admitted that all of the projections from the walls abutting the alley, with the exception of the above referred to bridge, were constructed within the past 20 years.
Consistent with the foregoing, judgment will be entered for plaintiff, granting the relief demanded up to the doorway above referred to, and for the defendants, directing that the plaintiff remove all projections over the alley except the bridge above referred to.