## ENGEL v. CATUCCI.

### No. 11120.

United States Court of Appeals
District of Columbia Circuit.

Argued Dec. 19, 1951.

Decided May 29, 1952.

Milton Kaplan, Washington, D.C., for appellant.

Allan L. Kamerow, Washington, D.C., with whom Stanley H. Kamerow, Washington, D.C., was on the brief, for appellee.

Vernon E. West, Corp. Counsel for the District of Columbia, Chester H. Gray, Principal Asst. Corp. Counsel, and Milton D. Korman, Asst. Corp. Counsel, Washington, D.C., filed a brief on behalf of the District of Columbia as amicus curiae, urging reversal.

Before CLARK, PRETTYMAN, and WASHINGTON, Circuit Judges.

PRETTYMAN, Circuit Judge.

The question presented by this appeal is whether, in this jurisdiction, a tax deed to

a lot over which lies an easement, created by deed and appurtenant to another lot, extinguishes the easement.

The facts are simple and not disputed. In 1872 one Milburn owned a parcel of land at the corner of Third and H Streets, Northeast. He subdivided the property, establishing a row of lots fronting on H Street. These lots were numbered 807 to 812, inclusive, consecutively from the corner of Third Street. Along the rear of the lots Milburn created a lot five (5) feet wide extending from Third Street to the far line of Lot 812. He numbered this lot 806. His deed to each of Lots 807 to 812 included a right-of-way over Lot 806 for ingress and egress between Third Street and the rears of the several lots.[1]

For many years nobody paid the real estate taxes on the long, narrow Lot 806. Each year after 1889 (except 1909 and 1910) the District of Columbia bid in and purchased this lot for unpaid taxes. Finally, in 1949, our present appellant, Engel, offered to buy the lot for the amount of the accumulated taxes, penalties, interest and charges. His offer was accepted by the District Commissioners, and in due course Engel received a tax deed to the lot.

Meantime Engel had become the owner of Lots 811 and 812 in the row, and our present appellee, Catucci, had become the owner of Lots 809 and 810.[2] Having acquired the tax deed to Lot 806, Engel put up on that lot a fence along the rear of Catucci's lots, thus blocking access to Catucci's property from the rear and denying him the use of Lot 806. Catucci brought a civil action for an injunction to prohibit Engel from interfering with the use of the ease-ment right. The District Court granted his prayer. Engel appealed.

Engel says that the tax deed to Lot 806 extinguished the easement theretofore upon the lot and that, therefore, he can do as he pleases with the property. Catucci says that a tax deed to a servient estate does not extinguish an easement thereon appurtenant to a dominant estate, especially when the easement is created by deed duly recorded. The District of Columbia government, appearing as *amicus curiae*, supports Engel's position.

This is a problem of first impression so far as this court is concerned.

The authorities are divided. Supporting the view of Engel and the District government, that the easement is extinguished, are decisions in Maryland, Florida and Washington.[3] Iowa and Mississippi cases have held that building restrictions and restrictive covenants, sometimes referred to as negative easements, are likewise extinguished.[4] Decisions in Massachusetts and Kansas[5] are also cited as sustaining this view. The Massachusetts case involved a right to come upon the servient estate to remove gravel, and the Kansas case involved easements in connection with a grant of mineral rights. Neither case is direct authority on the question of an easement appurtenant to a dominant tenement. We note that in the Kansas case, however, the court, while holding that other easements of the mineral owner in the surface were extinguished, expressly held that the right of ingress and egress survived the tax sale. Engel and the District government also claim that observations in opinions of this court support their view, relying principal--

---

1. The case before us concerns rights of the owner of Lots 809 and 810, as to which the stipulation of facts says all deeds (except some intermediate deeds in 1875 and 1889) included the easement over Lot 806.

2. Catucci also owns Lot 805, which lies adjacent and parallel to Lot 806 and fronts on Third Street, but a discussion of that situation is not necessary in this case.

3. Hill v. Williams, 1906, 104 Md. 595, 65 A. 413; Wolfson v. Heins, 1942, 149 Fla. 499, 6 So.2d 858; Harmon v. Gould,

1939, 1 Wash.2d 1, 94 P.2d 749 and cases cited therein. But see Fla.Stat. Ann. § 192.58 (1943) (1951 Supp.) and Rem.Rev.Stat. §§ 11188–90 (1933).

4. Nedderman v. City of Des Moines, 1936, 221 Iowa 1352, 268 N.W. 36; City of Jackson v. Ashley, 1940, 189 Miss. 818, 199 So. 91. But see Iowa Code Ann. § 448.3 (1949).

5. Hunt v. City of Boston, 1903, 183 Mass. 303, 67 N.E. 244; Magnolia Petroleum Co. v. Moyle, 1946, 162 Kan. 133, 175 P.2d 133. But see Gen.Laws of Mass. c. 60 § 45 (Ter.Ed.1932).

ly on W. C. & A. N. Miller Development Co. v. Emig P. Corp.,[6] in which this court said, upon authority of a series of cases, that a tax deed "expunges all the interests which spring from the record title and vests in the holder a new and complete title to the property in fee simple."[7]

Supporting Catucci's view that the easement is not extinguished are decisions of the courts of New York, Ohio, New Jersey, Pennsylvania, New Hampshire and Wisconsin,[8] and of our own District Court;[9] also the opinions of the distinguished authors of the Restatement of the Law of Property [10] and of Cooley on Taxation.[11] The courts of Utah, New Mexico, Missouri, Montana and Oregon have held that negative easements are not extinguished.[12]

Briefly, the reasoning of Engel and the District government is that in this jurisdiction the real estate tax is a tax directly *in rem*, not upon interests in land but upon the land itself; that a tax deed is a new conveyance of the *res* from the sovereign and, as such, extinguishes all liens, encumbrances, prior titles, and equities of every sort; that this rule includes all easements; and that to levy real estate taxes upon the many and varied interests in realty would vastly increase the complexities and expenses of the taxing process.

The reasoning of the authorities holding that the easement survives the tax deed is, briefly, that when an easement is appurtenant to a dominant estate it attaches to that estate, being carved out of the servient estate; that the value of the dominant estate is increased by the existence of the easement and in effect thus includes the value of the easement; that, when a tax is paid upon the value of the dominant estate determined in this manner, a tax has in effect been paid upon the easement; that the tax upon the servient estate is upon a value lessened because of the existence of the easement;[13] that a sale for nonpayment of that tax ought to be a sale of the lessened estate; that "account can be taken of an easement appurtenant without increasing the complication of the tax process";[14] and that therefore a tax sale of a servient estate should pass title to that estate subject to the easement.

At best the question is a close one. But on balance we agree with the District Court.

▉ It is true, as Engel and the District say, that in the District of Columbia a tax deed extinguishes all liens, encumbrances and equities in and upon the parcel conveyed.[15] But an easement is an interest in land which has peculiar characteristics of its own,[16] being neither an estate nor a lien,

---

6. 1943, 77 U.S.App.D.C. 205, 134 F.2d 36, certiorari denied, 1943, 318 U.S. 788, 63 S.Ct. 983, 87 L.Ed. 1155.

7. Id., 77 U.S.App.D.C. at page 208, 134 F.2d at page 39.

8. Tax Lien Co. of New York v. Schultze, 1914, 213 N.Y. 9, 106 N.E. 751, L.R.A. 1915D, 1115; Queens Park Gardens v. Long Island Water Corp., 1950, 277 App.Div. 1146, 101 N.Y.S.2d 454; Ross v. Franko, 1942, 139 Ohio St. 395, 40 N.E.2d 664; Metropolitan Life Ins. Co. v. McGurk, 1938, 119 N.J.L. 517, 197 A. 47; Chelsea Laundry Co. v. Toscano, 1951, 14 N.J.Super. 496, 82 A.2d 473; Tide-Water Pipe Co. v. Bell, 1924, 280 Pa. 104, 124 A. 351, 40 A.L.R. 1516; Gowen v. Swain, 1939, 90 N.H. 383, 10 A.2d 249; Union Falls Power Co. v. Marinette County, 1941, 238 Wis. 134, 298 N.W. 598, 134 A.L.R. 958.

9. District of Columbia v. Capital Mortgage & Title Co., D.C., 1949, 84 F.Supp. 788.

10. Restatement, Property § 509 (1944).

11. 3 Cooley, Taxation §§ 1154, 1494 (4th Ed. 1924).

12. Hayes v. Gibbs, 1946, 110 Utah 54, 169 P.2d 781, 168 A.L.R. 513; Alamogordo Improvement Co. v. Prendergast, 1939, 43 N.M. 245, 91 P.2d 428, 122 A.L.R. 1277; Schlafly v. Baumann, 1937, 341 Mo. 755, 108 S.W.2d 363; Northwestern Improvement Co. v. Lowry, 1937, 104 Mont. 289, 66 P.2d 792, 110 A.L.R. 605; Crawford v. Senosky, 1929, 128 Or. 229, 274 P. 306.

13. See Bonbright, The Valuation of Real Estate for Tax Purposes, 34 Col.L.Rev. 1397, 1435, 1436 (1934).

14. Restatement, Property § 509, Comment *d*.

15. W. C. & A. N. Miller Development Co. v. Emig P. Corp., supra.

16. Restatement, Property § 450.

an encumbrance nor an equity, in the ordinary sense of those terms. An easement appurtenant to another lot, when created by conveyance, attaches to the possession of that other lot and "follows it into whosesoever hands it may come."[17] The owner of the dominant estate owns the easement. So the owner of the servient estate cannot by conveyance strip that estate of an easement which has by prior conveyance become part of the property right of the possessor of another parcel of land, unless, of course, the conveyance by which the easement was created permits it. We refer to the Restatement of Property, Division V, Part I, for a full discussion of these underlying considerations. These special characteristics of an easement appurtenant should carry through into the tax field. "[T]he appurtenant easement", as the Restatement says, "presents a situation which calls for exceptional treatment."[18] An easement which lies upon one lot but is appurtenant to another lot is really part of the latter. It is carved out of the former. So it would appear that, when the servient lot is sold for taxes not paid upon it, the easement ought not to pass to the purchaser; the lot should pass subject to the easement, or, to express it another way, the lot less the easement should pass.

Engel and the District attempt to distinguish the holdings in the majority of jurisdictions on the basis that real property taxation in those states is on the separate interests or estates in the land, or that the legislatures have provided for the collection of taxes by in personam actions against the owners. We do not find the former to be the case in any appreciable number of the states holding an easement not extinguished. As to the latter ground, we think the kernel of the question before us is the basis of assessment, not the means of collection.

■ By way of precaution we point out that we are not here discussing easements in gross, which are easements not appurtenant to other land.

While the real estate tax is, as a matter of legal concept upon the realty itself and not upon property interests in the realty, as a practical matter when Catucci paid taxes upon his lots they must have been upon a value determined in part by the fact that there was access over Lot 806 from Third Street; and similarly in respect to the other lots in the row. The statute requires that realty be assessed "at not less than the full and true value thereof in lawful money."[19] The full and true value of the row lots was undoubtedly increased and the full and true value of Lot 806 decreased by the existence of the easement. The record indicates that this was true as to Lot 806, since it shows that the lot was bid in by the District at about two cents a square foot, a nominal price. While the taxes paid on the row lots were, as Engel and the District contend, on those lots alone, the easement was an appurtenance to those lots, and we must assume the assessment of those lots included the value of the easement, that being part of the full and true value of the lots.

■ We appreciate that the difficulties of the taxing authorities would be increased enormously if they were required to seek out all the several interest in real estate, but we are not here dealing in generalities. This is a visible easement appurtenant created by deed duly recorded. The tax authorities are required by the statute to view the property being assessed.[20] Too much difficulty would not seem to be involved, when this easement is visibly one of the elements of the value of the row lots.

The foregoing is the reasoning followed by Judge Holtzoff of our District Court in an able opinion in District of Columbia v. Capital Mortgage & Title Co.[21] The District Court in the present case filed no opinion, evidently following Judge Holtzoff's published opinion. Other discussions will be found in the cases above cited. Our holding here is not to be understood as

---

17. Id. § 487.

18. Id. § 509, Comment d.

19. D.C.Code § 47–713 (1940).

20. D.C.Code § 47–205 (1940).

21. Supra note 9.

overruling W. C. & A. N. Miller Development Co. v. Emig P. Corp., supra.

The judgment of the District Court is affirmed.