515 P.2d 335

**ARIZONA R. C. I. A. LANDS, INC., an Arizona corporation, Appellant,**

v.

**Mary E. AINSWORTH, Appellee.**

**No. I CA–CIV 1893.**

Court of Appeals of Arizona,
Division 1,
Department A.

Nov. 1, 1973.

Rehearing Denied Dec. 21, 1973.

Review Denied Jan. 29, 1974.

Terry M. Pierce, Phoenix, for appellant.

L. Dennis Marlowe, Tempe, for appellee.

### OPINION

DONOFRIO, Presiding Judge.

This is an appeal from the trial court's order granting defendant-appellee Mary E. Ainsworth's motion for summary judgment.

The uncontroverted facts of the case are as follows. Appellant Arizona R.C.I.A. Lands, Inc., hereinafter referred to as plaintiff, instituted this action in Superior Court to compel the defendant Mary E. Ainsworth who, with her husband, own an apartment complex contiguous to the subject property, and Western Savings & Loan Association, the mortgagee on the apartment complex, to redeem, or in the alternative, to be foreclosed of their rights of redemption in the subject property hereinafter discussed. For technical reasons Western Savings & Loan Association is not a party to this appeal. Plaintiff's claim was by virtue of a sale of the property by the Maricopa County Treasurer for delinquent real property taxes. More than three years had elapsed from the time of the sale for the delinquent taxes to the time plaintiff filed its complaint in this case. The premises have not been redeemed, and the amount actually involved is nominal, but the questions involved are of first impression in this jurisdiction and are of significant consequence.

Defendant Ainsworth and her husband obtained title to the real property located in Maricopa County by warranty deed dated December 28, 1965. The same deed provided the Ainsworths with an easement for ingress and egress over an adjoining parcel of land, which land is the subject property in this dispute. The warranty deed was duly recorded in the Maricopa County Recorder's office on December 31, 1965. The tax sale on this property occurred on February 26, 1968. Defendant and her husband thus owned the dominant estate and the plaintiff purchased the servient estate at the tax sale.

Subparagraph D of A.R.S. § 42–390 (which became effective on July 20, 1965) provides as follows:

"A sale of real property for delinquent taxes *shall not* extinguish any easement thereon or appurtenant thereto." (emphasis added)

It should be noted here that the deed creating the easement was recorded some three years prior to plaintiff's purchase of the premises at the tax sale, and thus plaintiff had at least constructive notice of the easement and had notice of the law that provided that the easement would not be extinguished by a tax sale.

In granting defendant Mary E. Ainsworth's motion for summary judgment, the trial court necessarily ruled that the interest sold at the tax sale was a fee simple interest subject to the existing easement for ingress and egress; that the easement had not been extinguished by the sale; that the owner of an easement cannot be forced to redeem the fee simple of the servient estate in order to preserve his ownership of the easement; and that none of the purchaser's constitutional rights had been denied or violated. We agree with the trial court's decision.

Plaintiff presents the following general question for review, which has been broken down into the following sub-parts:

Whether § 42–390(D) of the Arizona Revised Statutes is unconstitutional because it:

(a) Constitutes an unlawful taking of property without due process of law in violation of the Fourteenth Amendment to the United States Constitution and Article 2, Section 4 of the Arizona Constitution;

(b) Violates Article 9, Section 1 of the Arizona Constitution which requires all taxes to be uniform on the same class of property, or violates Article 9, Section 2 of the Arizona Constitution by creating a constitutionally forbidden tax exemption, or violates the equal privileges and immunities clause of the Fourteenth Amendment to the United States Constitution and Article 2, Section 13 of the Arizona Constitution.

In our examination of the law applicable to the case at bar, we find that A.R.S. § 42–390 is but a codification of the majority rule of law that a purchaser at a tax sale acquires the property sold subject to any easements thereon. By enacting the aforesaid statute the Arizona Legislature has simply aligned this jurisdiction with the prevailing view on the matter. *See, e. g.,* Alvin v. Johnson, 241 Minn. 257, 63 N.W. 2d 22 (1954), and the cases cited therein; Hayes v. Gibbs, 110 Utah 54, 169 P.2d 781 (1946); Restatement, Property § 509(2); Annot., 168 A.L.R. 529 (1947).

The rationale of the majority rule is concisely set forth in Engel v. Catucci, 91 U.S.App.D.C. 54, 197 F.2d 597 at 599 (1952):

"The reasoning of the authorities holding that the easement survives the tax deed is, briefly, that when an easement is appurtenant to a dominant estate it attaches to that estate, being carved out of the servient estate; that the value of the dominant estate is increased by the existence of the easement and in effect thus includes the value of the easement; that, when a tax is paid upon the value of the dominant estate determined in this manner, a tax has in effect been paid upon the easement; that the tax upon the servient estate is upon a value lessened because of the existence of the easement; that a sale for nonpayment of that tax ought to be a sale of the lessened estate; that 'account can be taken of an easement appurtenant without increasing the complication of the tax process'; and that therefore a tax sale of a servient estate should pass title to that estate subject to the easement."

With regard to its assertion that the statute amounts to a taking without due process of law, plaintiff argues that the Superior Court judgment in this action destroys plaintiff's right to return of its investment and, alternatively, plaintiff's right to utilize the subject property, and thus violates the constitutional provisions referred to above. Plaintiff also alleges that it paid money into the County Treasury in reliance on the impregnable priority of the general tax lien. However, plaintiff has offered no evidence or authority to support its position that its right to a return on its investment or its right to utilize the property were destroyed by the trial court judgment, and no evidence, by affidavit or otherwise, to indicate that plaintiff relied on the impregnable priority of the general tax lien in purchasing the subject property, nor any authority which indicates that such alleged reliance was reasonable, especially in light of its actual and/or constructive knowledge of the existing law and the existing easement.

Plaintiff has cited a series of cases concerning violations of due process, said cases relating to legislation which lessened or impaired the security of government bond holders. Those cases, however, involved a situation where a vested property right has been impaired or lessened by a *subsequent* law, while in the instant case the law in question was in effect *prior* to the date plaintiff acquired any rights in the property, and are thus distinguishable.

In Alvin v. Johnson, *supra,* the Minnesota Supreme Court, in explaining the majority view as to the rights of parties following a tax sale, made the following statement:

"All that could be assessed against the servient tenement was the fee minus the easement which had ceased to be a part of the servient estate. *That is all the state has acquired and that is all it has to sell.* The property assessed and the property conveyed must be the same." 63 N.W.2d at 26 (emphasis added)

■ In light of the above, we hold that there could not be an unconstitutional taking from the plaintiff without due process of law because plaintiff never acquired any interest which § 42–390(D) could take from it. On the other hand, cases have indicated that if a tax sale would operate to extinguish an easement thereon, that would be a taking of the *easement holder's* property without due process of law. *See,* Alvin v. Johnson, *supra. See also,* Gerbig v. Zumpano, 13 Misc.2d 357, 177 N.Y.S.2d 969 (1958), aff'd 7 A.D.2d 904, 182 N.Y.S.2d 1016 (1959), rev'd on other grounds, 7 N.Y. 2d 327, 197 N.Y.S.2d 161, 165 N.E.2d 178 (1960).

■ Plaintiff also asserts that A.R.S. § 42–390(D) is unconstitutional because it provides for a non-uniform classification of property for tax purposes; it creates a forbidden tax exemption; and it violates the privileges and immunities clauses of the United States and Arizona Constitutions. Plaintiff bases these arguments on what we believe to be an erroneous assumption, i. e., that the subject property has been somehow exempted from taxation and that the tax was levied in a non-uniform manner. Plaintiff has offered no evidence or authority in support of this assumption. The cases hold that the holder of an easement has paid a tax on the value of that easement by virtue of the increase in the taxable value of the dominant estate, and conversely, that the owner of the servient tenement pays a tax on his property

*less* the value of the easement. In Alvin v. Johnson, *supra,* the court stated:

". . . Appurtenant easements are factors definitely affecting values. When the assessment of what is now the Nordquist property was made in 1926, one of the elements and factors which the assessor under his duty was required to take into consideration was the fact that the property was burdened with an easement which materially reduced the value of the property; and in assessing the plaintiffs' property, it was the assessor's duty to take into consideration the additional value the property had by reason of the easement appurtenant. Taking that into consideration, naturally, a higher value would be found to exist. The value of the easement influenced the valuation placed upon the dominant tenement. In 3 Cooley, Taxation (4 ed.) § 1154, the author states:

'* * * The servient estate must be assessed at its value subject to the easements and the dominant estate at its value with the easements.'" (63 N.W.2d at 25, 26)

*See also,* Restatement, Property § 509(2).

In view of the above-cited authorities, if the assessor performed his duty in determining the value of the subject property and the dominant estate in the instant case, he would have reduced the value of the property in light of the easement to reflect the value of that easement. Plaintiff has offered no evidence to indicate that the assessor did not perform his duty, and in the absence of such evidence the courts have held that there is a presumption that the public officer duly performs his duties. In Alvin v. Johnson, *supra,* the court stated:

". . . The record fails to show whether the assessor did or did not take into consideration the easement in making the assessment of the properties involved. It was an apparent easement and would readily have been discovered upon reasonable inspection. Public officers are presumed to have performed their official duties." 63 N.W.2d at 26

Likewise, in the instant case, the easement would readily have been discovered upon reasonable inspection.

In Gerbig v. Zumpano, *supra,* the New York Supreme Court, considering this same question, stated:

"There is little, if any, definitive case law in this state on the question as to whether—in the absence of evidence to the contrary—the assessment for tax purposes of a dominant tenement may be presumed, as a matter of law, to include the value of the easement. There does seem to be an indication in the New York cases that it will be *conclusively presumed* that the dominant estate was assessed in an amount including the value of the easement, and that the assessment of the servient estate was decreased thereby. There appears to be 'a judicial willingness to presume that the easement's value was included in the assessment of the dominant estate in the absence of evidence to the contrary.' 3 Powell on Real Property, Sec. 426, pp. 511–512. Especially is the presumption valid, where the easement is part of the record title, as in the case at bar . . . ." 13 Misc.2d at 362, 177 N.Y. S.2d at 976 (emphasis added)

■ Here again, it should be emphasized that in the instant case the easement in question was also a part of the record title of the dominant estate.

In light of the above authorities, and in the absence of any evidence by plaintiff to the contrary, it must be presumed that the assessor of Maricopa County did his duty by including in the value of the property owned by defendant Mary E. Ainsworth for tax assessment purposes the value of the easement in question, thereby reducing the value of the property for tax assessment purposes by the value of that easement. Therefore, it is clear that none of the property has been exempted from taxation, nor taxed in a non-uniform manner, inasmuch as defendant, by paying the tax on her property, has paid taxes on the value of the easement. The taxes for which the subject property was sold at tax sale presumably reflected a reduction in the value of the property in the amount of the value of the easement. Hence, we must conclude that neither the dominant nor the servient tenement, nor the easement holder, was in any manner exempted from taxation, nor was any tax imposed in a non-uniform manner, nor was plaintiff or defendant denied the equal protection of the laws, but that each property was assessed its fair and just share of the taxes imposed by the taxing authorities.

Plaintiff argues that if the Superior Court decision is upheld it would have a statewide detrimental effect on tax revenues by creating a perfectly valid means of escape from real property taxes. The authorities cited above indicate, however, that the holder of an easement—such as in the instant case—is presumed to have paid a tax on the value of the easement inasmuch as that value was added to the value of the easement holder's dominant estate for tax assessment purposes. Thus, the easement holder is not escaping taxation on the value of the easement, but rather is paying a full tax on that value.

■ A legislative act is presumed to be valid, and the party asserting its unconstitutionality bears the burden of overcoming the presumption. In Re One 1965 Mustang, 105 Ariz. 293, 463 P.2d 827 (1970); State v. Also, 11 Ariz.App. 227, 463 P.2d 122 (1969). In view of the above, we do not believe plaintiff has overcome the presumption of constitutionality with which A.R.S. § 42–390(D) is clothed.

■ Lastly, defendant has asked this Court to award attorney's fees because, she argues, this appeal was frivolously taken by plaintiff. In light of all the circumstances attendant to this case, however, we do not find the appeal frivolous, and thus we deny defendant's request.

Judgment affirmed.

OGG and STEVENS, JJ., concur.