GEM BUILDING AND LOAN ASSOCIATION OF NEWARK, NEW JERSEY, A BODY CORPORATE, PLAINTIFF-APPELLANT, v. TOWN OF BELLEVILLE, A MUNICIPAL CORPORATION, DEFENDANT-RESPONDENT.

Submitted January 31, 1936—Decided July 22, 1936.

Before Justices HEHER and PERSKIE.

For the appellant, *Isadore H. Colton.*

For the respondent, *Lawrence E. Keenan (Jacob S. Karkus,* of counsel).

The opinion of the court was delivered by

HEHER, J. On June 29th, 1931, the defendant municipality purchased two parcels of land, situate within its confines and mortgaged to appellant, at a public sale for delinquent taxes. On December 7th, 1934, it instituted foreclosure proceedings thereon; and, in the course thereof, it assigned the tax sale certificates to the Essex and Bergen Realty and Holding Company, who was substituted as the party complainant. The consideration for the assignment of the certificates, at the demand of the municipality, it is conceded, was not only the taxes in arrears when the sale was held, with accrued interest and charges, but all taxes subsequently assessed against the tracts, including the first quarter of the year 1935, and accrued interest thereon. There was included also, and this is the matter in controversy, two per cent. of the amount of the taxes which accrued subsequent to the sale as well as of the sum for which the lands were sold, which last item concededly was proper. During the pendency of the foreclosure proceedings, the plaintiff mortgagee, a defendant therein, effected redemption of the lands, by paying to the Essex and Bergen Realty and Holding Company the full amount paid by it to the municipality, with interest thereon to the date of payment, and counsel fees and costs, and taking assignments of the tax sale certificates.

By petition filed in the foreclosure suit, it alleged that the municipality had not given credit for certain payments on account of the taxes claimed to be in arrears and the assignment of the tax sale certificates as above stated, and prayed for an order requiring the municipality and its assignee, the Holding Company, to show cause why the decree confirming the master's report should not be set aside, to the end that an opportunity be afforded petitioner to "prove certain payments made to the complainant and not credited to the peti-

tioners;" why the "taxed costs, search fees and counsel fees allowed to the complainant in both causes should not be reduced to an amount to which the complainant would be entitled if only one suit had been commenced;" and why further time should not be extended to petitioners "for the purpose of enabling them to redeem the premises from the tax sales." No complaint was made therein respecting the claimed overcharge made the basis of this action. There was an order to show cause, directed to the defendant municipality and its assignee, with a preliminary restraint against prosecution of the foreclosure proceedings. Thereafter, and apparently before hearing thereon, the certificates were assigned to plaintiff for the consideration mentioned.

Claiming that the defendant municipality and its assignee, the Holding Company, had "mistakenly computed" the amount of the penalty, in that the calculation included two per cent. on all taxes which accrued after the tax sale, and there was an overpayment to that extent, plaintiff brought this action to recover the alleged overcharge. The cause of action pleaded in the state of demand is grounded upon two theories, viz.: (1) For money had and received; and (2) a right thereto vested in plaintiff by virtue of the assignment of the tax sale certificates by the Holding Company.

We have set out the facts thus at length to show that the payment of the now disputed item was essentially voluntary. It is the settled rule that a payment so made under a mistake of law only is not recoverable, particularly where there is an alternative course consistent with a denial of the validity and enforceability of the demand. *Sutton* v. *Metropolitan Casualty Insurance Co.,* 117 *N. J. L.* 21.

But it is urged that under paragraph 43 of chapter 237 of the laws of 1918 (*Pamph. L., p.* 883, 894), it was appellant's obligation, as a *sina qua non* to the exercise of the right of redemption, to repay the full sum paid to the municipality by its assignor, "whether lawfully or unlawfully," with recourse to the municipality for the recovery of the overpayment. This is an obvious misconception of the legislative purpose. The statute contemplates the imposition of valid

penalties only; it does not impose upon the owner or mort-gagee the duty of submitting to unlawful exactions, and then to sue for their recovery. Here appellant, proceeding under section 49 of the Tax act of 1918 (*Pamph. L., p.* 883), as amended ·by chapter 200 of the laws of 1933 (*Pamph. L., p.* 436), which provides that "after the bill in equity has been filed, redemption shall be made in said cause only, * * *" challenged, by petition in those proceedings, the *quantum* of the asserted tax debt, with interest and penalties, without, however, bringing the now disputed item into question; and it is an inescapable inference, arising from the failure to prosecute the rule to show cause, that the sum later paid to effect redemption was voluntarily paid. There was no com-pulsion either in law or in fact.

Judgment affirmed, with costs.