ATLANTIC COUNTY CIRCUIT COURT.

METROPOLITAN LIFE INSURANCE COMPANY, PLAINTIFF,
v. VIOLA M. McGURK, DEFENDANT.

Decided July 23, 1937.

For the plaintiff, *Cassman & Gottlieb.*

For the defendant, *Bolte & Miller.*

JAYNE, C. C. J.  A mere summary of the alleged facts will suffice to exhibit the controversial question to be determined. The complaint, in its legalistic significance, alleges that the plaintiff is the owner of a parcel of land to which was previously attached, by an express grant, an easement in the nature of a right of way across a strip of land at present possessed by the defendant.  Additionally the plaintiff asserts that the defendant has deprived the plaintiff of the use and enjoyment of the easement with consequent loss to the plaintiff.  The land owned by the plaintiff is situate on the southerly side of Atlantic avenue and the alleged right of way extends easterly from it to the westerly side of New Jersey avenue, in the city of Atlantic City.  The creation of the easement is evidenced by the recorded conveyances and its existence on the land has been physically visible.

In resisting the alleged cause of action of the plaintiff, the defendant reveals that after the creation of the easement, certain taxes thereafter levied and assessed upon the strip of land so burdened by the easement were not paid by the owner of the servient estate and in due course the land was sold in fee to enforce the tax lien pursuant to the provisions of the General Tax act of 1903, and its supplements then in force. The right of redemption was subsequently barred by the procedure prescribed by the first paragraph of section 59 of that statute. 4 *Comp. Slat., p.* 5137. It is not here contended, however, that any notice to redeem was served upon or otherwise given to the owner of the dominant tenement to which the easement was appurtenant. The holder of the tax sale certificate, thus foreclosed, conveyed the land designated in the certificate to one Michael McGurk, who, upon his death, devised the land to the defendant in trust.

The plaintiff first sought immediate relief in the Court of Chancery. In withholding the desired interlocutory relief the learned vice-chancellor concluded that whether the easement sought to be protected had been extinguished by the foreclosure of the tax sale certificate, was a basic legal question which should be initially determined by a court of law in an appropriate action. Hence, the institution of the present action. This motion is intended to project the question for decision by this court.

An examination of all of the pertinent reported decisions to which my attention has been invited exposes some diversity of opinion.

It is said that a purchaser at a lawfully conducted tax sale acquires a new and complete title from the sovereign authority. "But if the tax deed is valid, then from the time of its delivery it clothes the purchaser, not merely with the title of the person who had been assessed for the taxes and had neglected to pay them, but with a new and complete title in the land, under an independent grant from the sovereign authority, which bars or extinguishes all prior titles and encumbrances of private persons, and all equities arising out of them." *Hefner* v. *Northwestern Life Insurance Co.,* 123 *U. S.* 747; 8 *Sup. Ct.* 337; 31 *L. Ed.* 309.

A tax title is assuredly in the nature of a new and independent grant from the sovereign authority. But it is to be realized that the tax title is established upon the assessment. In the quantity and character òf the property conveyed, the tax sale embraces nothing more or different than did the basic assessment. The property actually assessed and the property conveyed by the tax sale must be the same.

Except in those cases in which the statutory language, unlike ours, has governed the decision, it becomes at once discernible that the diversity of opinion upon the question here debated arises from differential conceptions of the scope of the assessments themselves. In those cases in which it has been concluded that the tax is levied upon the physical and corporeal land itself without regard to the various estates, easements or servitudes that may have been carved out of it or imposed upon it, then in harmony with the principle of that conclusion it has been held, in such cases, that the purchaser at such a tax sale acquires a new and complete title to the land superior to all prior titles, easements or servitudes. *Hill* v. *Williams,* 104 *Md.* 595; 65 *Atl. Rep.* 413, is typical. In such jurisdictions, the beneficial owner of an easement must protect it either by the payment of the taxes levied upon the servient tenement or by redemption from the tax sale. Thus, the owner of the dominant estate who pays taxes based upon a valuation which presumably includes the values of his easements, must also in order to retain the easements, pay taxes assessed upon the servient tenement.

Courts of other jurisdictions have determined that an easement in the nature of a right of way is essentially different from a lien upon the land in that it is excised from the estate in the servient tenement and attached to the dominant tenement. The consequent course of reasoning is that the tax is only levied on the servient estate, which is valued subject to the existing easement. If the assessment only embraces the servient estate, then, of course, only the servient estate can be sold for the unpaid taxes thereon. *Blenis* v. *Utica Knitting Co.,* 130 *N. Y. S.* 740; *Jackson* v. *Smith,* 138 *Id.* 654; *Poetzsch* v. *Mayer,* 189 *Id.* 659, are explanatory of this latter view of the problem.

Vice-Chancellor Bigelow was recently concerned with this question in *Ehren Realty Co.* v. *Magna Charta Building and Loan Association,* 120 *N. J. Eq.* 136. This was a cause in which the jurisdiction of the Court of Chancery was fundamentally invoked by a bill to foreclose a tax lien. The learned vice-chancellor determined that the tax sale of the servient tenement was subject to the easement and that the easement was not extinguished by the subsequent foreclosure of the tax lien. This conclusion seems also to be supported by the greater number of authorities gathered from the reports of. other states.

The following excerpt taken from the opinion in *Tax Lien Co.* v. *Schultze,* 213 *N. Y.* 9; 106 *N. E. Rep.* 751, is succinctly expressive of the underlying reason for this conclusion: "When an easement is carved out of one property for the benefit of another, the market value of the servient estate is lessened, and that of the dominant increased, practically by just the value of the easement; the respective tenements should therefore be assessed accordingly."

I shall accordingly hold that the averments of the first and second defenses are frivolous. The third defense is likewise frivolous. *O'Malley* v. *Gerth,* 67 *N. J. L.* 610, 613; 52 *Atl. Rep.* 563. The remaining averments of the answer which merely deny the allegations of the complaint are manifestly sham.

A rule may be entered striking out the answer for the reasons here stated and the only controversial issues between the parties in this action having been thus determined, the action may proceed as in the absence of an answer.