CHALKLEY C. HANNOLD, RELATOR, v. JOHN CUNDEY, COLLECTOR OF TAXES, ETC., ET AL., RESPONDENTS.

WILLIAM H. CRELIER, RELATOR, v. JOHN CUNDEY, COLLECTOR OF TAXES, ETC., RESPONDENT.

Argued October 5, 1943—Decided January 7, 1944.

Before Justices PARKER, HEHER and PERSKIE.

For the relator Hannold, *E. Milton Hannold.*

For the relator Crelier, *Samuel P. Hagerman* and *Ernest Redfield.*

For the respondent Cundey, *Frank Sahl.*

The opinion of the court was delivered by

PARKER, J.  These are cross rules to show cause for a *mandamus* to the tax collector of the Township of Deptford to issue a certificate of tax sale to the respective parties holding the rules.  In the first case the relator is Chalkley C. Hannold who, so far as appears, had no previous interest in the matter, and bid at the tax sale as an independent purchaser. In the second case the relator is William H. Crelier, who was also a bidder at the tax sale through his attorney Ernest Redfield, but was outbid by Hannold.  However, he claims to be entitled to the certificate of sale by virtue of the statute *R. S.* 54:5–54 which provides "that the owner, mortgagee, *occupant,* or other person having an interest" in the land may redeem at any time within two years, &c.; and section 56 provides, that when the redemption is made by a person not primarily liable "but having a lien or *interest* in or on the land," the person so paying shall succeed to the lien, and the purchaser (at the tax sale) on receipt of the redemption

money from the collector shall, at the option of the party making the payment, assign the certificate of sale to the person redeeming, and further that "when the person so paying redeems within ten days from the date of sale, if he so elect, the collector shall issue the certificate, at the rate bid, in the name of the person so redeeming."

The case shows that Redfield, who had bid for Crelier at the sale, as he states, but was outbid by Hannold, within the ten days wrote a letter to the collector enclosing two checks to cover the full amount of the bid by Hannold and demanded that the certificate of tax sale be made out to his client Crelier. As we read the case, the collector took Redfield's check for the amount of the tax and applied it to the payment of the tax.

The competition had resulted in a very substantial premium of nearly $600 which the collector apparently holds for the benefit of whom it may concern.

The conflicting claims are therefore as follows: Hannold claims the right to the certificate of sale as the tax purchaser; and Crelier claims the right to it as a person not primarily liable to pay, but "having a lien or interest in or on the land," to use the language of the statute, which provides, as appears above, for the acquisition of right to the certificate. The language about having a lien in or on the land in section 56 is a little different from the language of section 54, which reads, "the owner, mortgagee, *occupant,* or other person having an interest in the land."

Considerable testimony was taken in regard to the interest vested in Crelier, if any. He claims to have been an occupant and there seems to be little doubt of this. He claims also some interest in the title but we find it unnecessary to consider any particular claim beyond that of "occupancy." If Crelier was an "occupant" he was entitled to redeem, and as such occupant he had "an interest in the land" and was entitled under the statute to a certificate of sale. That an "occupant" has an "interest in the land" in contemplation of the statute, is clear from its very language and it is not even necessary to apply the maxim *"noscitur a sociis"* though that maxim confirms the view that he had an "interest."

We conclude therefore that on the merits a peremptory writ of *mandamus* should issue, requiring the collector to issue a certificate of sale to Crelier in consideration of the proceeds of the two checks delivered by Redfield.