KARL MEIER, PLAINTIFF-RESPONDENT, v. WILBUR NIGHTINGALE, DEFENDANT-APPELLANT.

Argued February term, 1946—Decided April 25, 1946.

For the appellant, *Isadore Rabinowitz* and *Hein & Smith.*

For the respondent, *Chandless, Weller & Kramer (Julius E. Kramer,* of counsel).

The opinion of the court was delivered by

COLIE, J. This appeal is taken from a judgment of the Supreme Court which affirmed a judgment for $211.45 and costs entered on the first count of the state of demand filed in the District Court of the Third Judicial District of Bergen County.

The automobile of plaintiff was damaged in a collision and he took it to the repair shop of defendant for repairs. The Supreme Court found that the defendant proposed to make the repairs at a cost of $565.05 and that such proposal was accepted; that after long delay the work was completed but the defendant demanded $776.50 for the job; that after remonstrance, the plaintiff paid the sum demanded in order to secure possession of his car.

The case comes before us upon an agreed case, evidenced by a stipulation of the respective attorneys, which recites that: "The court found in favor of the plaintiff on the factual issue finding that the defendant was entitled only to the sum of $565.05 as stated in the estimate and that in demanding the sum of $776.50 defendant thereby demanded a sum in excess of the amount legally due and owing to him; that in detaining said automobile until the payment of said sum of $776.50 which was paid under protest, defendant thereby exercised duress over the property of plaintiff and that plaintiff was therefore entitled to recover the excess paid over and above the sum stipulated for in said estimate, to wit, the sum of $211.45." The Supreme Court considering itself controlled by *Berger* v. *Bonnell Motor Car Co.,* 4 *N. J. Mis. R.* 589, and *Miller* v. *Eisele,* 111 *N. J. L.* 268, affirmed the judgment below. In *Berger* v. *Bonnell, &c., supra,* it was said that "money paid by one to get possession of his property held by another claiming a lien on the same may be recovered where the lien claim is without merit." In *Miller* v. *Eisele, supra,* the Court of Errors and Appeals quoted the above excerpt but without commenting thereon. We think that the statement of the rule in *Berger* v. *Bonnell, supra,* is too broad and that a more precise statement is to be found in *Miller* v. *Eisele, supra* (at *p.* 281), where Mr. Justice Pérskie said: "We are con-

strained by the weight of authority to adopt the view which holds that to constitute duress which in contemplation (of) the law will recognize as sufficient to make or render a payment of money involuntary there must be some actual or threatened exercise of power possessed, or supposed to be possessed, by the party exacting payment, from which the party making the payment has no other means of immediate and adequate relief of his person or of his property." The Supreme Court in *Pompton Stationery Corp.* v. *Passaic, &c., Co., Inc.,* 127 *N. J. L.* 235, adopted the above as a correct statement of what constitutes duress and the Court of Errors and Appeals affirmed unanimously at 129 *Id.* 99. Also, see, *Clonavor Realty Co.* v. *Unscheid,* 129 *Id.* 247; *Woodward, Law of Quasi Contracts* 337, § 212.

Applying the above stated rule to the instant case, we find that under the Garage Keeper's Lien Act, *R. S.* 2:60–20, *et seq.,* that where a garage keeper makes a demand which the owner deems excessive, the owner may, under *R. S.* 2:60–23 and 24, obtain possession of his motor vehicle by depositing the amount claimed with the clerk of a court of competent jurisdiction with $10 to cover the costs, if in a District Court, and upon so doing, a writ of replevin "shall immediately issue" commanding the proper officer to take possession of the motor vehicle and deliver it to the owner. We consider that this statutory method extended to the owner to recover his motor vehicle affords him both "immediate and adequate relief" and that having such method of relief but failing to utilize it, the payment cannot be deemed to have been made under duress as defined in our cases.

The judgment under review is reversed, but without costs.

*For affirmance*—PARKER, WELLS, RAFFERTY, DILL, JJ. 4.

*For reversal*—THE CHANCELLOR, DONGES, HEHER, COLIE, OLIPHANT, FREUND, McGEEHAN, JJ. 7.