20 N.J. Super. 559 (1952)
90 A.2d 110
WILDWOOD TRUST COMPANY, PLAINTIFF,
v.
WILLIAM DeCORREVANT, DEFENDANT.
Superior Court of New Jersey, Chancery Division.
Decided July 9, 1952.
*560 Mr. J. Peter Davidow for plaintiff.
Mr. Samuel M. Garfinkle for defendant.
HANEMAN, J.S.C.
Plaintiff herein seeks, by an action in the nature of an equitable assumpsit (Capraro v. Propati, 127 N.J. Eq. 419, (E. & A. 1940), to recover from the defendant certain monies paid to him as a result of the facts hereinafter set forth. The facts are as follows:
*561 On or about December 28, 1949 Robert C. Howell, a real estate broker, trading as Howell Realty Company, had an account with the plaintiff bank. On that date he disappeared and either left the jurisdiction of this State or absconded and concealed himself within the State. In any event, he could not and cannot be found. On the above date he had on deposit with the plaintiff the sum of $612.15.
Subsequent to December 28, 1949, a salesman employed by the said Robert C. Howell, unaware of his disappearance, deposited with the plaintiff in the Howell Realty Company account various sums of money received by him as a real estate agent from individuals as down-payments upon the purchase of real estate. On January 3, 1950 there was a balance in said account of $5,414.26. On January 7, 1950 Charles W. Grau, one of the purchasers above referred to, commenced an action in the Superior Court, Chancery Division, against the said Robert C. Howell to impress a constructive trust upon said account for the sum of $1,671, being the amount of a check so given to the above referred to salesman. On January 13, 1950 the said Grau obtained an interlocutory injunction restraining the plaintiff from paying out funds in the above captioned account to the extent of $1,671. On January 20, 1950 one Robert Gallagher, also a purchaser of realty, commenced a similar action and obtained an interlocutory injunction against the plaintiff, restraining it from paying out the sum of $1,075. On January 30, 1950 Alfred M. Mulzet and Mary C. Mulzet, his wife, commenced a similar action to the two above referred to and obtained an interlocutory injunction against the plaintiff, restraining it from paying out the sum of $4,450.
On January 16, 1950 the defendant herein commenced an action in the Cape May County Court for the recovery of $2,100 allegedly paid to the Howell Realty Company as a down-payment on the purchase of certain realty, by attachment. Thereafter, the said defendant sought to intervene in the actions commenced in the Chancery Division of the Superior Court by Charles W. Grau and Robert Gallagher, *562 which application was granted. On or about June 12, 1950 the said defendant withdrew said intervention. On June 16, 1950 three judgments were entered in the Chancery Division of the Superior Court directing said plaintiff to pay unto (1) Charles W. Grau $1,671; (2) to pay unto Robert Gallagher $1,075, and (3) to pay unto Alfred M. Mulzet and Mary C. Mulzet the sum of $4,950.
Judgment was entered in the suit of the defendant commenced in the Cape May County Court on April 20, 1950 in the sum of $2,201.02. Levy was thereafter made under said Cape May County Court judgment by the sheriff of that county upon the Howell bank account, and the plaintiff not having paid the amount of the levy, an order to show cause was issued by the Cape May County Court directing the plaintiff to show cause why said amount should not be turned over and paid to the said sheriff. On the return day of said order to show cause, May 3, 1950, no one appearing, Judge Tenenbaum, of the Cape May County Court, signed an order directing the Wildwood Trust Company as garnishee to pay the same over to the sheriff. Said amount was thereupon paid over to the sheriff.
Subsequent to having certified copies of the three judgments entered in the Chancery Division of the Superior Court in the Grau, Gallagher and Mulvet suits served upon plaintiff, it obtained an order to show cause on or about June 26, 1950, directing the sheriff of Cape May County and defendant to show cause why the monies delivered as above set forth should not be repaid to it. On September 30, 1950 the application of the plaintiff in said proceeding was denied.
Plaintiff now alleges that by reason of the payment of $2,201.02 made in the Cape May County Court suit, there is $1,782.76 less than the amount required to pay the Superior Court judgments and that the plaintiff will have to stand a loss in this amount.
Plaintiff therefore seeks to recover the payment made to the defendant upon the grounds that defendant is unjustly enriched and that the payment made to the defendant was *563 an involuntary payment. Actually, the plaintiff herein alleges that the payment so made was under an execution of a judgment which was a nullity because the defendant had no legal basis for an attachment. Plaintiff asserts as well that the intervention in the Chancery action and the continuation of the County Court action at the same time amounted to a fraud upon this court, and that the involuntary nature of the payment by it arises from the compulsion of the order to so make payment signed by the judge of the Cape May County Court.
I find as a fact that the plaintiff here, as a result of the service upon it of true copies of the order to show cause and complaint, with affidavits, in each one of the Chancery Division Superior Court actions, had full and complete knowledge of the nature of the claim of each of said plaintiffs therein and the amount of money allegedly due them from the Howell Realty Company account. The plaintiff was admittedly served with copies of the several interlocutory injunctions. Therefore, at the time of the foregoing payment to the defendant, it had full knowledge of all of the facts and circumstances in connection with the said account, the claims against it, and the amount due Howell, which it was not prevented from paying.
As far as the plaintiff is concerned, there was no fraud practiced upon it.
A levy of funds in the hands of the garnishee, under the provisions of R.S. 2:XX-XXX-XXX and service of the order to show cause on said garnishee why the debt of the judgment creditor should not be paid by him will not be made absolute unless the garnishee admits said debt. First-Mechanics, &c., Trenton v. N.J. Brick, &c., Co., 112 N.J.L. 218 (Sup. Ct. 1933); Winchell v. Clayton, 133 N.J.L. 168 (Sup. Ct. 1945); Beninati v. Hinchliffe, 126 N.J.L. 587 (E. & A. 1941). If the garnishee, upon the return day, fails to appear and deny that he owes a debt to the defendant which has been levied upon, such failure is tantamount to an admission of the existence of the debt. Rasner v. Carney, *564 108 N.J.L. 426 (Sup. Ct. 1932); Beninati v. Hinchliffe, supra.
Generally, a payment is not compulsory unless made to emancipate the person or property from an actual and existing duress imposed upon it by the one to whom the money is paid, or to prevent a seizure by a person having apparent authority to that end. Miller v. Eisele, 111 N.J.L. 268 (E. & A. 1933).
A payment voluntarily made under a mistake of law only is not normally recoverable where there is an alternative course consistent with a denial of the validity and enforceability of the demand. Gem B. & L. Assn. v. Belleville, 117 N.J.L. 59 (Sup. Ct. 1936); Sutton v. Metropolitan Casualty Co., N.Y., 117 N.J.L. 21 (Sup. Ct. 1936); Meier v. Nightingale, 134 N.J.L. 275 (E. & A. 1946).
Where a payor has an alternative course consistent with the denial of the enforceability of the claim, the payment thereof is regarded in law as a voluntary payment and cannot be recovered back. McCrory Stores Corp. v. Braunstein, 99 N.J.L. 166 (E. & A. 1923).
In the matter sub judice, the plaintiff was under no delusion or mistake as to the facts, nor does it allege any mistake as to its legal rights. It had available one of two courses in connection with the payment now complained of. It could either (1) have appeared upon the return day of the order to show cause and denied that it had in its hands the monies or credits alleged by the defendant as being available for the satisfaction of his judgment, or (2) have refused to appear upon the return day of the order to show cause and, by its silence, admit that it had in its hands as garnishee monies available for that purpose. It not only saw fit to pursue the second alternative but actually thereafter paid the same, before it had recourse to the courts.
It is therefore here held that the plaintiff's payment was voluntary and not recoverable in this action.
The plaintiff's complaint will be dismissed.