27 N.J. Super. 64 (1953)
98 A.2d 721
ANGELO PARLO, PLAINTIFF,
v.
DORIS L. VAN HORN, ET ALS., DEFENDANTS.
Superior Court of New Jersey, Chancery Division.
Decided July 7, 1953.
*67 Mr. Herman B. Hoffman, attorney for plaintiff.
Mr. Joseph H. Edgar, attorney for defendant Borough of Highland Park.
EWART, J.S.C.
This litigation arises out of the following circumstances:
June 28, 1935 the Collector of Taxes of the Borough of Highland Park sold to the Borough of Highland Park real estate known as Lots 39 to 41 in Block 49 on the tax duplicate of the municipality, assessed thereon to Mike Kassardo as owner, for unpaid taxes for the second half of 1933, sewer assessment, interest and costs amounting to a total of $223.59, after which the collector, under date of June 28, 1935, executed and issued to Borough of Highland Park certificate of tax sale for said premises subject only to municipal liens accruing after July 1, 1934 and subject to redemption on repayment of the amount of the sale together with interest at the rate of 8% per annum. Said tax sale certificate was recorded in the clerk's office of Middlesex County May 6, 1952 in Book 1126 of Mortgages, page 464.
By an assignment in writing, executed by the Mayor and Clerk of the Borough of Highland Park, the said borough assigned said tax sale certificate to Angelo Parlo in consideration of the sum of $500 paid by Parlo to the borough, which assignment bears date December 26, 1951 and was recorded in said county clerk's office May 6, 1952 in Book 111 of Assignments of Mortgages at page 410. The assignment is absolute in form, subject only to the right of redemption by the owner and reads in part as follows:
"* * * has granted, bargained, sold, assigned, transferred and set over, and by these presents does grant, bargain, sell, assign, transfer and set over, unto the party of the second part, a certain Tax Sale Certificate, * * *.
*68 To have and to hold the same unto the party of the second part, his heirs, executors, administrators and assigns forever, subject only to the right of redemption of the owner as provided by law. And the Borough of Highland Park hereby makes, constitutes and appoints the said party of the second part its true and lawful attorney irrevocable, in its name or otherwise, but at his proper costs and charges, to have, use and take all lawful ways and means for the recovery of all the said money and interest and in case of payment to discharge the same as fully as the Borough of Highland Park might on could do if these presents were not made."
Said certificate of tax sale was delivered by the borough to Parlo along with the assignment.
Said property was assessed for the year 1951 at $500. The amount of assessment for other years does not appear. For the year 1951 the total taxes against said property amounted to $37.10. After purchasing said tax sale certificate, Parlo paid to the borough the last half of 1950 taxes and all of 1951 taxes assessed against said lots in the total sum of $71.70. Why he should have paid half of 1950 taxes and all of 1951 taxes, in addition to paying for the tax sale certificate, does not appear.
May 14, 1952 Parlo filed complaint in the Chancery Division of the Superior Court joining Doris L. Van Horn and the State of New Jersey as defendants, in which plaintiff sought to foreclose the equity of redemption in said lots. Doris L. Van Horn was joined as a defendant as owner of the property and the State of New Jersey was made a defendant by reason of a possible inheritance tax lien accruing upon the death of a former owner of the property.
May 16, 1952 the defendant Doris L. Van Horn, or some one in her behalf, paid to the collector of taxes the sum of $1,436.48 for redemption of the tax sale certificate and the amount due thereon. A dispute arose between the plaintiff Parlo and the borough as to who was entitled to the money, Parlo claiming the full amount thereof and refusing to turn in the tax sale certificate unless the amount paid was delivered to him, and the borough claiming that he was entitled only to the $500 he originally paid for the certificate.
*69 July 21, Parlo filed an amended complaint setting forth the fact of the payment to the collector of the borough of the said sum of $1,436.48 in redemption of said tax sale certificate, including subsequent taxes and municipal liens and interest thereon, but not including plaintiff's costs of the suit; claiming the full amount thereof was due to him together with costs of suit and demanding, in the alternative, judgment directing the defendant borough to pay the plaintiff the monies so received in redemption of said tax sale certificate.
July 29, 1952 a consent order was entered dismissing the defendant Doris L. Van Horn as a party defendant and leaving only the borough and the State of New Jersey as parties defendant.
October 15, 1952 the defendant borough filed an answer to the amended complaint and a counterclaim for interpleader. In the counterclaim the borough demands judgment as to what disposition the borough shall make of the payment of $1,436.48 received by the tax collector in redemption of said tax sale certificate; whether the plaintiff Parlo is obliged to cancel or assign the tax sale certificate to the defendant Van Horn; what portion of the sum of $1,436.48 paid in redemption is to be retained by the borough and what portion the borough should be directed to pay to the plaintiff Parlo.
While the plaintiff filed no formal answer to the counterclaim, it was stipulated at the pretrial conference that it will be considered that plaintiff filed a formal answer in which he joins in the demand for judgment determining the proper disposition of the said fund of $1,436.48 as between himself and the defendant borough.
It is further stipulated in the pretrial order that inasmuch as Doris L. Van Horn, the record owner, had been dismissed as a party defendant, the plaintiff abandons that part of the suit seeking to foreclose the equity of redemption.
All of the foregoing statements of fact appear as matters of record in this suit or have been stipulated in the pretrial order. No proofs have been taken. Counsel stipulated that *70 no proofs are required; that no formal hearing would be necessary, but that the facts stipulated are sufficient for determination of the controversy.
Upon the foregoing state of facts, I have reached the following conclusions of law:
There are several methods by which a municipality may sell and assign a tax sale certificate held by it. Under the provisions of L. 1927, c. 235, as amended (R.S. 54:5-113), a municipality may, by resolution of the governing body, authorize a private sale of the certificate, together with subsequent liens thereon, for a sum not less than the amount of the liens charged against the real estate and, when the total amount of the municipal liens shall, at the time of the proposed sale and assignment of the certificate, exceed the assessed valuation of the real estate as of the date of the last sale thereof for unpaid taxes, the certificate, together with the subsequent liens thereon, may be sold and assigned for a sum not less than such assessed valuation.
Under the provisions of L. 1941, c. 232 (R.S. 54:5-114.1), the municipality, after having given public notice, may sell such certificate of tax sale held by the municipality at public sale to the highest bidder, subject to confirmation by the governing body at its next regular meeting after the sale, but such sale shall not include any municipal liens subsequent thereto. Or the governing body may from time to time determine by resolution which certificates of tax sale held by the municipality shall be sold for an amount lower than the amount due thereon and in such event, after having given public notice of sale, the municipality may receive bids for the sale of such certificate, not including, however, any municipal liens subsequent thereto. At the meeting of which notice shall be given, the governing body may accept or reject any bid theretofore received for the certificate of tax sale or may accept or reject any higher bid which may be made at the meeting for the sale of said tax sale certificate.
Or under the provisions of L. 1943, c. 149 (R.S. 54:5-114.2), the municipality may sell, either at public or at private sale, after due advertisement, any certificate of tax *71 sale, including municipal liens subsequent to the original sale, but the collector shall not deliver up or give possession of such tax sale certificate until the one who purchased the certificate from the municipality, his agent or nominees, shall have prosecuted the tax sale certificate to final judgment and in case of redemption prior to final decree or foreclosure, the assignee of the certificate from the municipality shall only be entitled to receive out of the redemption monies the amount actually paid to the municipality for the assignment, together with interest thereon and the taxed costs of suit, with the balance of the redemption monies being paid over to the municipality. L. 1943, c. 149, as amended (R.S. 54:5-114.7 and 8).
Under both the 1941 and 1943 statutes above cited relating to sale by municipality of tax sale certificates held by it, the municipality retains an interest in the tax lien (under the 1941 act the sale and assignment does not include subsequent taxes and under the 1943 act the assignee's title to the certificate is subject to forfeiture upon his failure to foreclose within the time limited by the statute) and, upon redemption, the municipality is entitled to collect all of the unpaid taxes, less only the amount paid to the municipality by the assignee for the assignment of the certificate, plus interest and costs. Fidelity Union Trust Co. v. City of Newark, 11 N.J. Super. 205 (Cty. Ct. 1950).
The assignment executed in the case at bar contains no reference to the section of the statute under which the sale and assignment were made. It does, however, sell, assign, transfer and set over to the purchaser Parlo the tax sale certificate in question:
"and the money due and to grow due thereon, with the interest. To have and to hold the same unto the party of the second part, his heirs, executors, administrators and assigns, forever, subject only to the right of redemption of the owner as provided by law."
It appears clear under the form of the certificate that the sale and assignment by the municipality were made under the provisions of the 1927 statute, R.S. 54:5-113, and the defendant borough so contends in its brief filed in this cause.
*72 The right of redemption and disposition of the redemption monies is controlled by the statute, R.S. 54:5-54 to 64.
Under R.S. 54:5-54, the owner or other person in interest may redeem at any time within two years from the date of the sale, or at any time thereafter until the right of redemption shall have been cut off in the manner provided by statute:
"* * * by paying to the collector, or to the collector of delinquent taxes on lands of the municipality where the land is situate, for the use of the purchaser, his heirs or assigns, the amount required for redemption as hereinafter set forth." (Emphasis supplied.)
Upon receipt of the redemption monies the collecting officer is required by the statute (R.S. 54:5-57) to at once notify the purchaser:
"* * * and shall pay all redemption moneys to him or his assigns on his surrender of the certificate of sale and in compliance with the provisions of sections 54:5-55 and 54:5-56 of this title." (Emphasis supplied.)
Under the sections of the statute above cited, it would appear that the legislative intent was to designate the collecting officer, an official of the municipality, as agent of the purchaser, his heirs or assigns, for the purpose of redemption, authorizing the collecting officer to receive the redemption monies and directing him to pay all redemption monies to the purchaser or to his assigns on surrender of the tax sale certificate, receipted for cancellation or assigned as the circumstances may require.
Although the municipality sold and assigned the tax sale certificate to the plaintiff Parlo for less than the amount due thereon, the assignment of the certificate of tax sale was absolute in form including the money due and to grow due thereon with the interest and there is nothing in that statute giving to the municipality any further interest in the tax lien after having received the agreed purchase price from the assignee and having made and delivered assignment of tax *73 sale certificate together with possession of the original certificate of tax sale. It was not until enactment of L. 1941, c. 232, authorizing the sale and assignment by a municipality of a tax sale certificate held by it with the proviso "but such sale shall not affect or impair any municipal lien subsequent to the certificate of tax sale," that the municipality could effect a sale and assignment of a certificate of tax sale held by it and still retain an interest in the monies paid on redemption thereof.
And L. 1943, c. 149, authorizing the sale and assignment by a municipality of certificate of tax sale held by it, "including all subsequent municipal liens held by such municipality" for an amount less than the amount due on the certificate, specifically provides in paragraph 7 of that chapter that upon redemption by the owner or other person in interest, the assignee shall only be entitled to receive out of the monies paid by way of redemption the amount actually paid to the municipality for the assignment of the certificate of tax sale, together with lawful interest thereon and taxed costs of suit, and that the balance of the redemption money shall be paid to the municipality.
Neither the 1941 nor the 1943 act purport to repeal the 1927 act above referred to (R.S. 54:5-113), but constitute additional methods by which a municipality may sell and assign tax sale certificates held by it.
There is no dispute in this case about the amount of money required for redemption of the tax sale certificate in litigation. The sum of $1,436.48 was paid by Doris L. Van Horn, or some one in her behalf, to the collector in redemption of the tax lien. In the tax foreclosure suit, she raised no contest as to the amount required for redemption but paid the said sum voluntarily to the collector. The only dispute is as to the division of that sum between the municipality of Highland Park and the plaintiff Parlo.
I conclude that by the plain language of the statute (R.S. 54:5-54 and 57), the redemption monies paid by Doris L. Van Horn to the collector were paid for the use of Parlo (the assignee of the purchaser of the tax sale) and *74 that Parlo is entitled to receive from the borough or the collector the whole of said redemption monies upon compliance by him with the provisions of the statute, R.S. 54:5-55, requiring that he, the plaintiff, deliver to the collecting officer the original certificate of tax sale duly receipted for cancellation.
There is nothing to show that the plaintiff filed with the collector an affidavit showing the amount expended by him for recording fees, fees for the service of a notice, fees for title searches, etc. And, therefore, no such fees or expenses are recoverable by the plaintiff. R.S. 54:5-61 and 62.
Nor is the plaintiff entitled to recover costs or counsel fees because of failure to file such affidavit with the collector. R.S. 54:5-98.
In reaching the foregoing conclusion I have not overlooked the arguments submitted on behalf of the defendant borough. The borough argues the following points:
(1) That the assignment of the tax sale certificate by the borough to the plaintiff was made under the 1927 statute (R.S. 54:5-113) for less than the amount due on the certificate and that the statute is silent as to the amount to be paid to the plaintiff Parlo in case of redemption. The answer to that argument seems obvious. It is true that the 1927 statute standing alone is silent as to the amount to be paid to the plaintiff in case of redemption. However, the 1927 statute (c. 235, as amended, L. 1928, c. 124; R.S. 54:5-113), is a supplement to L. 1918, c. 237, and the 1918 act (R.S. 54:5-54 and 57) expressly authorizes the collector to receive the monies paid in redemption "for the use of the purchaser, his heirs and assigns" and directs that the collector upon receipt of the monies "shall pay all redemption monies to him (the purchaser) or his assigns * * *." The 1927 statute is a supplement to and must be read as a part of the original 1918 act.
(2) That the 1918 act on the subject of redemption (L. 1918, c. 237, R.S. 54:5-54) requires the collector to receive the redemption monies for the use of the purchaser *75 and that section 60 of the act (R.S. 54:5-60) provides that if the certificate of tax sale is not held by the municipality the amount required for redemption shall include all sums for subsequent municipal liens and interest and costs thereon actually paid by the holder of the tax title or his predecessor therein, together with interest, etc. And the defendant argues that there is a difference between the "purchaser" at the tax sale and the "holder" of the certificate of tax sale and that the difficulties in the instant case can be readily solved by noting the distinction between a "purchaser" and a "holder."
In answer to that argument, in the first place it is to be noted that upon redemption the statute (R.S. 54:5-54) does not merely provide that the collector shall receive the money for the use of the purchaser, but does provide that the collector shall receive the money "for the use of the purchaser, his heirs or assigns." Parlo is the assignee of the borough, the original purchaser of the tax sale certificate. Furthermore, R.S. 54:5-60 has no application to the present controversy. It deals with the amount required for redemption. There is no dispute in this case about the amount required for redemption because the sum was paid voluntarily by Doris L. Van Horn to the collector and the amount required is not in dispute in any sense of the word. See Gem B. & L. Assn. of Newark v. Town of Belleville, 117 N.J.L. 59 (Sup. Ct. 1936). The only dispute here is as to division of the redemption monies held by the collector.
(3) Defendant further argues that when the Borough of Highland Park purchased the real estate of the original tax sale, it became a purchaser subject to redemption upon payment of the original amount due together with all subsequent liens and that the borough in turn could sell the real estate including the lien or could retain the real estate and sell the tax sale certificate. That argument might have some application where a sale was made under the 1943 act (L. 1943, c. 149; R.S. 54:5-114.2(b)), as was the case in Fidelity Union Trust Co. v. City of Newark, 11 N.J. Super. 205 (Cty. Ct. 1950), but neither that statute nor that case *76 has any bearing upon the present controversy because the assignment of the tax sale certificate in the case at bar was not made under the 1943 act, above cited, nor under the 1941 act above cited, but was made admittedly under the 1927 act as the defendant itself concedes in its brief where it says, "The tax sale certificate was assigned by the Borough of Highland Park to the plaintiff for the sum of $500.00 under the authority of R.S. 54:5-113 to 114."
As stated above, I am convinced that under the plain terms of the 1918 statute affecting redemption (L. 1918, c. 237; R.S. 54:5-54 and 57), plaintiff is entitled to have paid to him the whole of the redemption money upon surrender of the original tax sale certificate duly receipted for cancellation.
Judgment in accordance with this opinion but without costs.