34 N.J. Super. 437 (1955)
112 A.2d 598
GEORGE M. KERR, SR., PLAINTIFF,
v.
JOHN H. TRESCHER, ELOISE TRESCHER, GIACOMO MUCERINO, AND THE UNKNOWN HEIRS, DEVISEES AND PERSONAL REPRESENTATIVES OF GIACOMO MUCERINO AND HIS, HER, THEIR OR ANY OF THEIR SUCCESSORS IN RIGHT, TITLE AND INTEREST; MRS. GIACOMO MUCERINO, MRS. SALVATORE RUSSO, FILOMENA RUSSO, THE UNKNOWN HEIRS, DEVISEES AND PERSONAL REPRESENTATIVES OF FILOMENA RUSSO AND HIS, HER, THEIR OR ANY OF THEIR SUCCESSORS IN RIGHT, TITLE AND INTEREST; DOMINICK T. LERRO, THE EXECUTORS OR ADMINISTRATORS OF DOMINICK T. LERRO, THE UNKNOWN HEIRS, DEVISEES AND PERSONAL REPRESENTATIVES OF DOMINICK T. LERRO AND HIS, HER, THEIR OR ANY OF THEIR SUCCESSORS IN RIGHT, TITLE AND INTEREST; MATILDA KOHLER, GEORGE H. KOHLER, MR. KOHLER, HUSBAND OF MATILDA KOHLER AND THE UNKNOWN HEIRS, DEVISEES AND PERSONAL REPRESENTATIVES OF MATILDA KOHLER AND HIS, HER, THEIR OR ANY OF THEIR SUCCESSORS IN RIGHT, TITLE AND INTEREST; MARY E. HOOT, THE EXECUTOR OR ADMINISTRATOR OF MARY E. HOOT AND THE UNKNOWN HEIRS, DEVISEES AND PERSONAL REPRESENTATIVES OF MARY E. HOOT AND HIS, HER, THEIR OR ANY OF THEIR SUCCESSORS IN RIGHT, TITLE AND INTEREST, AND THE STATE OF NEW JERSEY, DEFENDANTS.
Superior Court of New Jersey, Chancery Division.
Decided March 7, 1955.
*439 Mr. William Charlton, attorney for plaintiff.
Messrs. Perskie & Perskie, attorneys for defendant John H. Trescher (Mr. David M. Perskie, appearing).
HANEMAN, J.S.C.
This suit involves the foreclosure of a tax sale certificate and the attempted redemption by defendant John H. Trescher, the record owner of the premises. The question here involved is the amount required upon such a redemption.
The facts in connection herewith are as follows: On March 29, 1930 the municipal taxes due the Township of Buena Vista, being in default for the year 1928, the tax collector of said township struck off and sold said property to said township and delivered to it a tax sale certificate.
*440 By assignment dated June 22, 1954 the said township sold and assigned the said tax sale certificate to the plaintiff herein, who thereafter filed a complaint to foreclose.
Although there is no actual proof before me as to the amount for which the municipality so sold the said tax sale certificate, nor the amount actually then due on the date of sale to plaintiff, except by way of affidavit of the defendant Trescher, it is apparently admitted that plaintiff paid the sum of $1,242.33 for such assignment at a time when there was due to the municipality on said tax sale certificate, together with subsequent municipal liens and interest, the sum of $1,737.64. It is also apparently admitted that the assignment was made by virtue of N.J.S.A. 54:5-113, and at the date thereof the total amount of municipal liens exceeded the assessed value of the real estate as of the last sale thereof for unpaid taxes and assessments. Defendant now seeks to redeem by paying the sum of $1,242.33, asserting that by virtue of N.J.S.A. 54:5-60 plaintiff is entitled only to the sum which he actually paid to the municipality for the assignment of the tax sale certificate, and subsequent taxes actually paid by him. Plaintiff, contrariwise, contends that he is entitled upon redemption to the full amount of the original sale, with subsequent liens and assessments to the date of the assignment to him of the tax sale certificate, and taxes accruing subsequent to the assignment, and actually paid by him.
In order to determine the question here involved the entire statute and its related sections must be considered. The intention must be gathered from the spirit and policy of the statute rather than from the literal sense of particular terms. The sections providing for assignment as well as redemption being in pari materia must be considered together and apparent conflicting sections must be considered and reconciled with the general intent of the statute.
In Caputo v. Best Foods, Inc., 17 N.J. 259 (1955), the court said:
"It is not `the words of the law, but the internal sense of it that makes the law.' Eyston v. Studd, 2 Plowd. 459; 75 Eng. Repr. 695 *441 (1574). The reason of the law, i.e., the motive which led to the making of it, is one of the most certain means of establishing the true sense of the words. Valenti v. Board of Review of Unemployment Compensation Commission, 4 N.J. 287 (1950); In re Roche's Estate, 16 N.J. 579 (1955). In early English language usage, this was deemed the construction and application of the law according to the `equity of the statute'; but it will be seen from the case cited that, as is true of the present-day canons of interpretation, it was from the beginning a rule in aid of the legislative intention within the four corners of the expression, considered in the context of its socio-economic setting, i.e., the sense and reason of the law. Sutherland, Statutory Construction (3d ed.), sec. 6001 et seq. The intention emerges from the spirit and policy of the statute rather than the literal sense of particular terms."
In Maritime Petroleum Corp. v. City of Jersey City, 1 N.J. 287 (1949), the court said:
"The context of an act or acts in pari materia may serve to enlarge or restrain general words, and thus to bring the operation of the act within the evident intention of the Legislature. A statute is to be construed as a whole with reference to the system of which it is a part. Apparently conflicting provisions are to be reconciled in accord with the general intent. The true meaning of any clause or provision ordinarily is that which best comports with the subject and general object of the act. Lewis' Sutherland Statutory Construction (2d ed.), sec. 348."
See also Hackensack Water Co. v. Ruta, 3 N.J. 139 (1949).
The underlying purpose of the statutes authorizing municipalities to sell lands for taxes is to enable the municipalities to obtain the payment of its taxes. Fidelity Union Trust Co. v. City of Newark, 11 N.J. Super. 205 (Cty. Ct. 1950).
Consistent with this purpose the Legislature has provided for a public sale by the municipality for delinquent taxes and the delivery of a tax sale certificate to the purchaser. N.J.S.A. 54:5-19-46. Anticipating that there might be occasions when no private individual would bid, the statute further provides for a purchase by the municipality itself upon the occurrence of such a contingency. N.J.S.A. 54:5-34. It is immediately apparent that where a municipality is forced to purchase at its own sale for delinquent taxes, the primary purpose of the statute, i.e., the collection *442 of taxes, is not accomplished. In order to further aid the municipality in liquidating its delinquent taxes, provision was made for the sale and assignment of the tax sale certificate where a municipality was forced to purchase at its own sale. Three methods are so provided: (1) N.J.S.A. 54:5-113, which contemplates a private sale and assignment at a sum either equivalent to the amount due under the original sale, together with subsequent liens, or where this amount exceeds the assessed value as of the date of the last sale thereof for unpaid taxes, for an amount not less than such assessed value; (2 and 3), N.J.S.A. 54:5-114.1 and 54:5-114.2, both of which contemplate a public sale at a sum not less than the amount of the original sale. N.J.S.A. 54:5-114.2 as well contemplates a private sale. N.J.S.A. 54:5-113 and 54:5-114.1 do not require any action by the assignee after the assignment. N.J.S.A. 54:5-114.4 requires a completed foreclosure within two years of an assignment.
In Parlo v. Van Horn, 27 N.J. Super. 64 (Ch. Div. 1953), the court said concerning these sections:
"Under the provisions of L. 1927, c. 235, as amended (R.S. 54:5-113, N.J.S.A.), a municipality may, by resolution of the governing body, authorize a private sale of the certificate, together with subsequent liens thereon, for a sum not less than the amount of the liens charged against the real estate and, when the total amount of the municipal liens shall, at the time of the proposed sale and assignment of the certificate, exceed the assessed valuation of the real estate as of the date of the last sale thereof for unpaid taxes, the certificate, together with the subsequent liens thereon, may be sold and assigned for a sum not less than such assessed valuation.
Under the provisions of L. 1941, c. 232 (R.S. 54:5-114.1, N.J.S.A.), the municipality, after having given public notice, may sell such certificate of tax sale held by the municipality at public sale to the highest bidder, subject to confirmation by the governing body at its next regular meeting after the sale, but such sale shall not include any municipal liens subsequent thereto. Or the governing body may from time to time determine by resolution which certificates of tax sale held by the municipality shall be sold for an amount lower than the amount due thereon and in such event, after having given public notice of sale, the municipality may receive bids for the sale of such certificate, not including, however, any municipal liens subsequent thereto. At the meeting of which notice shall be given, the governing body may accept or reject any bid theretofore received for *443 the certificate of tax sale or may accept or reject any higher bid which may be made at the meeting for the sale of said tax sale certificate.
Or under the provisions of L. 1943, c. 149 (R.S. 54:5-114.2, N.J.S.A.), the municipality may sell, either at public or at private sale, after due advertisement, any certificate of tax sale, including municipal liens subsequent to the original sale, but the collector shall not deliver up or give possession of such tax sale certificate until the one who purchased the certificate from the municipality, his agent or nominees, shall have prosecuted the tax sale certificate to final judgment and in case of redemption prior to final decree or foreclosure, the assignee of the certificate from the municipality shall only be entitled to receive out of the redemption monies the amount actually paid to the municipality for the assignment, together with interest thereon and the taxed costs of suit, with the balance of the redemption monies being paid over to the municipality. L. 1943, c. 149, as amended (R.S. 54:5-114.7 and 8, N.J.S.A.)."
N.J.S.A. 54:5-113, under which the present sale was made, reads as follows:
"When a municipality has or shall have acquired title to real estate by reason of its having been struck off and sold to the municipality at a sale for delinquent taxes and assessments, the governing body thereof may by resolution authorize a private sale of the certificate of tax sale therefor, together with subsequent liens thereon, for not less than the amount of liens charged against such real estate. The sale shall be made by assignment executed by such officers as may be designated in the resolution. When the total amount of the municipal liens shall, at the time of the proposed sale or assignment, exceed the assessed value of the real estate as of the date of the last sale thereof for unpaid taxes and assessments, the certificates, together with subsequent liens thereon, may be sold and assigned for a sum not less than such assessed value."
Under both N.J.S.A. 54:5-114.1 and 114.2 the assignee is entitled upon redemption to the payment only of the amount actually paid by him for the assignment. The municipality is entitled to collect the balance of the amount due at the time of the assignment, which sum is reserved to it. There is no such reservation to the municipality, nor could it retain any interest in the redemption monies, upon an assignment under N.J.S.A. 54:5-113. Parlo v. Van Horn, supra.
Under N.J.S.A. 54:5-113, whether the tax sale certificate is sold for the full amount of the tax sale, together with subsequent *444 liens thereon, or for a lesser amount by reason of the fact that the total amount of the municipal liens exceeds the assessed value of the real estate, the certificate, "together with subsequent liens thereon, may be sold and assigned * * *."
The intent of the Legislature to provide three separate and different methods of sale, with different conditions appended and with different rights in the assignee as regards the amount he could receive upon redemption, is clearly demonstrated. The statute vested a choice of methods in the municipality, so that it could exercise its judgment as to which method would best serve its interests and produce a purchaser in order to liquidate its delinquent taxes and obtain cash for its operating needs. It should be self-evident that a sale had under the section here in question, if the amount required to redeem were as plaintiff urges, would be the most attractive to a prospective purchaser, furnishing to him the greatest possible amount of cash return on his investment and the greateset freedom of action in dealing with the tax sale certificate. If this did not follow, N.J.S.A. 54:5-114.1 would serve a purchaser as well as N.J.S.A. 54:5-113, since he would obtain on redemption the identical sum under both statutes. If the Legislature intended as defendant urges, it passed a needless statute in 1941 in enacting N.J.S.A. 54:5-114.1, since the sole difference between it and N.J.S.A. 54:5-113 is the requirement that under the former there must be a public sale.
Having in mind, and in light of the foregoing, it becomes necessary to examine all of the sections which provide for redemption. There are three sections of the statute which make such provision:
N.J.S.A. 54:5-58 operates generally for redemption within ten days of the tax sale whether the purchaser be an individual or the municipality.
N.J.S.A. 54:5-59, as far as here material, reads as follows:
"If the certificate of sale is held by the municipality, the amount required for redemption shall include all subsequent municipal liens *445 with interest and costs, but with the consent of the governing body redemption may be made in installments."
N.J.S.A. 54:5-60, the section upon which defendant relies, reads as follows:
"If the certificate of sale is not held by the municipality, the amount required for redemption shall include all sums for subsequent municipal liens, and interest and costs thereon, actually paid by the holder of the tax title or his predecessor therein, together with interest on the amount so paid at the rate chargeable by the municipality, provided the holder of such title shall have made and filed with the collecting officer an affidavit showing the amount of such payment, which affidavit may be taken before such officer."
Generally, upon an assignment of a tax sale certificate held by a municipality under N.J.S.A. 54:5-113, the assignee succeeds to the rights of the municipality thereunder. This includes the right to receive the same amount that the municipality was entitled to receive upon redemption. Central Union Trust Co. of New York v. Willat Film Corp., 99 N.J. Eq. 748 (Ch. 1926); Di Bologna v. Earl, 130 N.J. Eq. 571 (Ch. 1942).
It seems plain that since the assignee of a municipality of a tax sale certificate succeeds generally to all of its rights thereunder, and since the statute expressly provides that a sale and assignment under N.J.S.A. 54:5-113 is made of the certificate, "together with subsequent liens thereon," that the plaintiff is entitled to receive upon redemption the amount which the municipality would receive were it the holder, i.e., the amount due on the tax sale certificate and all subsequent liens. To hold as defendants seek would be to make this latter provision of N.J.S.A. 54:5-113 anomalous and meaningless.
A studied consideration of the tax sale law in its entirety demonstrates that N.J.S.A. 54:5-60 contemplates a redemption only from an individual purchaser or his assignees at the original tax sale, and not as here urged by the defendant, a redemption from an assignee of a municipality. This conclusion is strengthened when the apparently conflicting *446 sections of the statute are reconciled in the light of the intent, spirit and policy of the entire statute.
It is therefore here held that where a legal sale and assignment of a tax sale certificate is made under N.J.S.A. 54:5-113, upon redemption the assignee of such tax sale certificate is entitled to receive the initial amount due on the tax sale certificate and all subsequent municipal liens to the date of the assignment with interest and costs.
Judgment will be entered in accordance herewith.